## Philadelphia, Appellant, *v.* Pennsylvania Hospital For the Insane.

*Taxation—Exemption—Municipal claim—Purely public charity.*

On a municipal claim for water pipe filed against a portion of the land owned by a hospital for the insane, it appeared that the managers of the hospital maintained upon the land in question a building reserved exclusively for the use of patients paying a higher rate than any others. The object of the trustees in maintaining this department was to make a profit, but no actual profit was realized after taking into consideration the value of the ground and improvements and the cost of maintenance. The apparent profit was used in extending the hospital's capacity for good among the destitute members of the community, and no portion of it enured to the benefit of any person concerned in administering the charity: *Held*, that the property was exempt from taxation, and that the municipal claim could not be sustained.

Argued Jan. 27, 1893.  Appeal, No. 262, Jan. T., 1892, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1888, No. 272, on demurrer to plea.  Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Scire facias sur municipal claim.

Defendants filed a plea in which they averred:

" That the premises mentioned in the lien of the said plaintiff is a portion of a larger enclosed piece of ground which is owned in fee by the said defendant, and is employed for the care and treatment of insane patients, and constitutes a department of the defendant's work and duties, which is known as the 'Department for the Insane of the Pennsylvania Hospital.'

" ' The hospital is managed by a board which holds meetings monthly, and a committee of managers attend weekly at the department for the insane to transact any business that may come before them, audit the accounts of the steward, and make a personal inspection of the wards. During the fifty years of the existence of this department, there does not appear to have been a break in the regularity of its meetings.'

" The department contains a daily average of over four hundred patients, of which over two hundred and thirty are females. There is an average of over forty free patients, and the remainder pay various weekly amounts from five to fifty dollars; the average cost of each patient being a little under ten

dollars a week. But in calculating this average the value of the premises and buildings, which is considerably over one million dollars, is not computed.

"There are various buildings on the premises, the object being to sever as much as possible the insane. There is also a building alluded to in the lien of the plaintiff, used exclusively for an average of five insane females, all of whom pay, but it is managed just as the remainder of the department, except that the patients are perhaps of a better class, and having more tranquil form of disease, but there is no separate account kept for this building, nor is there in any way a profit derived from it, and, did the finances of the hospital admit, more separate buildings of a similar character would be constructed.

" The receipts from the said department including legacies and the income derived from all funds donated for charitable purposes, but excluding the value of the premises, about equal the disbursements, though occasionally there may be a small balance which is applied to the department for the following year, and more often a deficit.

" That the said defendant has no capital stock, and no profit or other benefit or advantage is in any way derived by any of the contributors thereto from any moneys received by the corporation from any source, but, on the contrary, there is annually more money expended by the defendant in carrying out the purposes of its incorporation than is received from all sources of its income, and this deficit is made up by annual contributions and donations made to it from time to time. That the said defendant is maintained by voluntary contributions from its members and others and from the capital accumulated from time to time by gifts, devises, and bequests, and small sums paid by patients as aforesaid. That no distinction is made in the reception of patients by defendant on the ground of color or sex, and the said defendant is a charitable trust open to the public indefinitely and conducted without a view to corporate or individual profit, and is an institution of purely public charity, founded, endowed and maintained by public and private charity, and the defendant is therefore advised and believes that the real estate hereinbefore specially described is exempt by law, from the payment of the sums for which the said lien is filed."

Demurrer to plea. Judgment for defendant on demurrer.

*Error assigned* was (1) entry of judgment.

*E. Spencer Miller*, assistant city solicitor, *Charles F. Warwick*, city solicitor, with him, for appellant.

*Arthur Biddle*, of *Biddle & Ward*, for appellee.

PER CURIAM, February 13, 1893:

This was a municipal claim for a water pipe filed against a portion of the premises of the West Philadelphia Branch of the Pennsylvania Hospital. This particular branch is devoted to the care of the insane.

While it was conceded that the buildings and grounds are exempt from taxation for the reason that defendant is a purely public charity, yet it was contended that within the portion of the grounds charged with this claim there is a large building reserved exclusively for the use of patients paying a higher rate than any others; that these payments much exceed the cost of maintenance assignable to themselves, if the original cost of the property and any estimated rental is excluded. It appears to be conceded that the object of the trustees in maintaining this department of the institution is to make a profit, by the use of which to extend the institution's capacity for good among the destitute members of the community.

It was not contended, nor is there anything to show, that there was any actual profit realized in this department after taking into consideration the value of the ground and improvements, and the cost of maintenance. The apparent profit is applied to the general objects of charity, and no portion of it enures to the benefit of any person concerned in administering the charity.

The Pennsylvania Hospital is a purely public charity in the highest and best sense of the term, and under all our authorities we think it is exempt from the species of taxation attempted to be imposed in this case.

Judgment affirmed.