# The Contributors to the Pennsylvania Hospital, Appellants, *v.* The County of Delaware et al.

169        305
e 29 SC ² 45

169        305
36 SC ¹111

169        305
d38SC ³643

*Taxation—Charitable institutions—Exemption—Use of property.*

Property which is not used directly for the purposes, and in the operation of a charity, but for profit, is not exempt from taxation; and the devotion of the profit to the support of the charity will not alter this rule.

But property which is used directly for the purposes and in the operation of the charity is exempt, though it may also be used in a manner to yield some return and thereby reduce the expenses.

Where a charitable institution acquires property not directly connected with the original plant and uses such property directly for the purposes and in the operation of the charity, it is a part of the plant and is exempt from taxation, although it may be used in a manner to yield some return and thereby reduce the expenses.

If such property is regularly and permanently devoted to that purpose, though from its nature its enjoyment is only practicable during a portion of each year, it is exempt, because it is the character of the use, and not the amount of it, that determines the title to exemption.

Argued Feb. 15, 1895.   Appeal, No. 173, Jan. T., 1895, by plaintiffs from judgment of C. P. Delaware Co., March Term, 1889, No. 2.   Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Reversed.

Bill in equity for injunction to restrain collection of taxes. Before CLAYTON, P. J.

Plaintiffs' bill sets forth substantially that the Pennsylvania Hospital is a public charity of the state of Pennsylvania, being a public hospital for sick, poor and lunatics; that it possessed certain real estate in Delaware county which was assessed for taxation for the benefit of the county of Delaware, the schools of the township of Newton and the public roads; that the taxes were about to be collected; that the corporation plaintiff is a purely public charity without making or possessed of the means of making any profit in any respect, but is maintained by voluntary contributions and by the income from the investments of certain gifts.   That certain buildings and tracts of the above land, annexed thereto, have been used for certain periods of time as a place of reception for the care of patients, and as a place of convalescence in accordance with the charter, and

prays for an injunction restraining defendants from the collection of taxes, and from the assessment of the same against the property as aforesaid, which is used solely for hospital purposes. The answer generally sets forth that the defendants had no knowledge of the material facts set forth in the bill, and asks to have the same proved, and denies the conclusion arising from the facts alleged.

It appeared from the testimony produced before the examiner that plaintiff purchased five farms during the years from 1887 to 1890, in Newton township, Delaware county, for the purpose of establishing there the department for the insane. Two of the farms were rented, and it was agreed that the taxes should be paid upon them, three of the farms were not rented, and in 1890 a building on one of them was enlarged and fitted up as a convalescent hospital for insane patients. The three farms constituting this department were also used for grazing and the raising of crops to a great extent, but no profits were made from the crops, the proceeds being used to reduce the expenses of the department. The testimony was taken before the examiner, and certified directly to the court, and was there passed upon without the appointment of a master.

On Dec. 17, 1894, the court dissolved the injunction and dismissed the bill with costs.

*Error assigned* was above decree.

*Arthur Biddle*, for appellants.—Where the fundamental structure of the institution is that of a public charity, the receipt of money from the participators of its bounty used to sustain the operation and existence of the charity is not material, although such participators may derive a peculiar or individual benefit from its operation; and the charity is not taxable : Donohugh's App., 86 Pa. 306 ; Philadelphia v. Women's Christian Association, 125 Pa. 572; County of Northampton v. Lafayette College, 128 Pa. 132; Philadelphia v. Pennsylvania Hospital for the Insane, 154 Pa. 9. The same principles are true where the revenue is derived through the agency of the participators of the charity by their manual exertions: House of Refuge v. Smith, 140 Pa. 387. But where a portion of the property or plant owned by the charity is severed therefrom, and is devoted

to the business of strangers, and is not therefore essential to the operation of the charity, such property is taxable and is not exempt: Philadelphia v. Barber, 160 Pa. 123.

*E. H. Hall, George E. Darlington* and *Isaac Johnson* with him, for appellees.—The farms that have been rented by the plaintiff are not exempt from taxation: The Mercantile Library Co. v. The City of Phila., 161 Pa. 155; Phila v. Barber, 160 Pa. 123.

The farms that have been managed by the hospital authorities are not exempt from taxation: The American Sunday School Union v. City of Phila., 161 Pa. 307; Phila. v. Ladies United Aid Society, 12 Pa. C. C. 346; act of April 8, 1873, P. L. 64; Commonwealth v. Rolling Mill Co., 129 Pa. 360; Commonwealth v. Westinghouse Co., 151 Pa. 276.

The temporary use of the property for convalescence will not exempt it from taxation: Moore v. Taylor, 147 Pa. 481.

OPINION BY MR. JUSTICE MITCHELL, July 18, 1895:

This case comes to us in an unsatisfactory shape, as there is no finding of facts, and regularly we should send it back for the purpose of having them definitely ascertained, but as the evidence is in small compass we have examined it for ourselves. The fair result is that the farms in controversy were bought and are used for hospital purposes, as a part of the hospital plant, an open air sanitarium and roaming ground for manageable and convalescent patients, very much as a play-ground might be used as an aid in the cure of sick children. And this present employment in this way is the first step in the ultimate devotion of the whole property to the same use. The testimony to the curative value of the farms in this respect is positive and uncontradicted. Dr. Chapin, the superintendent and physician in chief, says, "If we had accommodations we would have two hundred or two hundred and thirty patients there. Looking at it from a medical standpoint we would move all our patients there if we could." The farms, in actual operation as such, with live stock, and the various crops, are part of the attraction and usefulness for curative purposes. That they are also farmed for profit to reduce expenses does not vary their position as part of the plant. If there were any fair doubt of the good faith of such use, the case would be different.

The hospital as an institution is admittedly a purely public charity, Phila v. Penna. Hospital, 154 Pa. 9, but it is argued that these farms are not part of its exempted property, first because they are farmed for profit, secondly because they are separated from the main hospital building and not used with it, and thirdly because the hospital or sanitary use of them is temporary, being confined to the summer months.

On the general question of what part of the property of a charity is exempted from taxation a plain distinction is to be observed in all our cases.  Property which is not used directly for the purposes and in the operation of the charity, but for profit, is not exempt, and the devotion of the profit to the support of the charity will not alter this result.  Of this class of cases Am. Sunday School Union v. Phila., 161 Pa. 307, is the exemplar and authority.  But property which is used directly for the purposes and in the operation of the charity is exempt, though it may also be used in a manner to yield some return and thereby reduce the expenses: Donohugh's App., 86 Pa. 306; Phila. v. Penna. Hospital, 154 Pa. 9; House of Refuge v. Smith, 140 Pa. 387.

The first objection that the farms are worked for profit is sufficiently answered by the evidence that they were bought and are used as part of the hospital plant, and the farming is incidental, to reduce expenes.

The second objection that the farms are separated from the main building and not used with it, is ruled by House of Refuge v. Smith, 140 Pa. 387.  What is there said by our brother WILLIAMS needs only the change of name to apply exactly to the present case: " Viewed with reference to its property and the question of taxation, the buildings and grounds legitimately used in its work are the House of Refuge.  Originally this institution was confined to an inclosure in the city of Philadelphia which had become too narrow and confined. . . . This land was purchased for the use of the male department.  The female department remains for the present, as now located, in Philadelphia.  The two departments though separated by a county line and some miles of distance will nevertheless constitute one whole. . . . Together they will constitute the actual plant used in the reformatory work for which the house of refuge was organized; and looked at from the property point of view they are the House of Refuge."

The third objection that the use for hospital purposes is temporary only is not sustained by the facts. It is true that such use is limited to the months of pleasant weather, in the summer and autumn, but this does not make it temporary. So far as appears the farms are regularly and permanently devoted to that purpose, though from its nature its enjoyment is only practicable during part of the year. But a church does not cease to be exempt because it is closed and the pastor has a vacation in the summer. It is the character of the use, not the amount of it that determines the title to exemption. The cases cited on this point do not touch the real question: Moore v. Taylor, 147 Pa. 481, was a case of property undoubtedly exempt as a church at the beginning of the year, passing into private hands for use as a dwelling, and as such undoubtedly taxable. The only question was whether the year could be apportioned for purposes of taxation, and it was held that it could, and the exemption terminated as soon as the title changed and the use as a church ended: Phila. v. Barber, 160 Pa. 123, was the same question of the division of the year, from the converse position, the property having been taxable at the first and acquired by the church during the running of the year. It was held that the most the church could claim was exemption after its title accrued. The other question in the case, on which the decision was put, was that where part of the church was rented out for school rooms during the week, the use of it by the church on Sunday would not entitle it to exemption, as the use was concurrent and not exclusive. The use in that case was for purposes not connected at all with the church, and was for profit only, thus bringing the case clearly within the class of which Sunday School Union v. Phila., 161 Pa. 307, has been already cited as the example.

This case therefore belongs to the second class above mentioned, where the property is used directly for the purposes and in the operation of the charity, though it is managed at the same time so as to secure some return and thus keep down the expenses. It may be that the acreage is larger than is necessary or really useful for the number of patients which the other facilities of the hospital enable it at present to treat there, but as the fact is not found by the learned court below, and is not clear on the evidence we do not assume it as true.

Decree reversed, bill reinstated, and injunction directed to be issued as to the farms not rented. Costs to be paid by the appellees.