## Christian Association of the University of Pennsylvania, Appellant, *v*. City of Philadelphia et al.

*Taxation—Charitable institutions—Exemptions—Acts of May 14, 1874, P. L. 158; May 29, 1901, P. L. 319; March 24, 1909, P. L. 54; June 13, 1911, P. L. 898.*

Property of a charitable institution which is not used directly for the purpose and in the operation of the charity, but for profit, is not exempt from taxation and the devotion of the profit to the support of the charity will not alter the result. The property which is used directly for the purpose and in the operation of the charity is exempt, although it may also be used in a manner to bring some return and thereby reduce expenses.

A bill in equity to restrain the collection of a tax on the ground that the property in question is devoted to charitable uses, and is therefore exempt, is properly dismissed, where it is shown that some portion of the premises is taxable. If any portion of the property is taxable the bill in equity must be dismissed. Whether the portions exempt and taxable have been correctly determined is a question which cannot be raised in an equity proceeding. Any complaint on that score can only be heard on appeal from the decision of the Board of Revision of Taxes.

Argued October 21, 1920. Appeal, No. 299, Oct. T., 1920, by plaintiff, from decree of C. P. No. 5, Phila. Co., June T., 1918, No. 1533, in equity, dismissing bill in equity in the case of Christian Association of the University of Pennsylvania v. The City of Philadelphia, The Board of Education of the School District of Philadelphia, and W. Freeland Kendrick, receiver of taxes of the City of Philadelphia. Before ORLADY, P. J., PORTER,

516, (1921).] Statement of Facts—Opinion of the Court.

HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Bill in equity to restrain the collection of taxes. Before MARTIN, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the bill. Plaintiff appealed.

*Errors assigned* were in dismissing exceptions to findings of fact and conclusions of law and the decree of the court.

*Shippen Lewis,* of *MacCoy, Evans, Hitchinson & Lewis,* for appellant.—The taxes were not collectible because the plaintiff is a public charity: Phila. v. Pennsylvania Hospital, 154 Pa. 9; Com. v. Lynchburg Y. M. C. A., 115 Va. 745.

*Mayne R. Longstreth,* Assistant City Solicitor, and with him *David J. Smyth,* City Solicitor, for appellee, cited: Donohugh's App., 86 Pa. 306; Phila. v. W. C. A., 125 Pa. 572; Phila. v. Barber, 160 Pa. 123; Am. S. S. U. v. Phila., 161 Pa. 307; Penna. Hospital v. Delaware County, 169 Pa. 305; Pocono Pines Assembly v. Monroe Co., 29 Pa. Superior Ct. 36.; Sisters of the Blessed Sacrament, 38 Pa. Superior Ct. 640.

OPINION BY TREXLER, J., March 5, 1921:

The Christian Association of the University of Pennsylvania was incorporated for the promotion of the spiritual welfare of the students of said institution by encouraging Christian fellowship and coöperation. It occupies property known as 3905 Spruce street, Philadelphia, and maintains there an international students' house, and in the rear of the lot there is a stable. The purpose of the maintenance of the house is to provide a home house for a large number of foreign students under

Christian influence where they can get in contact with the best elements of American life. The court below found that the complainant corporation is an institution of public charity, founded and endowed and maintained by private charity. It is run at a loss, and the deficit each year is made up by the contributions of its friends. The Board of Revision of Taxes has assessed the property for taxation for the year 1918, at forty thousand dollars, but has found that sixteen thousand dollars in value is exempt, leaving the taxable amount twenty-four thousand dollars. The plaintiff filed this bill in equity asking that it be declared to be entirely exempt from taxation. The question arises under article IX, section 1, of the Constitution providing that "the General Assembly may by general laws exempt from taxation institutions of purely public charity, and the Acts of Assembly exempting such property are May 14, 1874, P. L. 158; May 29, 1901, P. L. 319; March 24, 1909, P. L. 54; June 13, 1911, P. L. 898. The Act of July 17, 1919, P. L. 1021, was passed after the matter before us arose. The court below has found that portions of the property should be taxed, to wit: the dining room, the rooms occupied by the superintendent at a monthly rental, the rooms let to various students, the unused portion of the stable and the portion used for storage purposes, and the lawn used as the driveway for the stable.

It is clear that to exempt the whole property it must be in its entirety actually used and occupied for public and private charity. "On the general question of what part of the property of a charity is exempted from taxation, a plain distinction is to be observed in all our cases. Property which is not used directly for the purposes and in the operation of the charity, but for profit, is not exempt, and the devotion of the profit to the support of the charity will not alter the result of this class of cases. American Sunday School Union v. Phila. et al., 161 Pa. 307, is the exemplar and authority. But property which is used directly for the purposes and in

the operation of the charity is exempt though it may also be used in a manner to yield some return and thereby reduce the expenses: Donohugh's App., 86 Pa. 306; Phila. v. Pennsylvania Hospital, 154 Pa. 9; House of Refuge v. Smith, 140 Pa. 387": Pennsylvania Hospital v. Delaware County et al., 169 Pa. 305.

This distinction as stated above is plain, but in its application the courts have had some difficulty: White v. Smith, 189 Pa. 222. As to some of the items found to be taxable by the court below there may be some doubt. As to the stable in the rear of the lot, in which the automobile of the association was kept, we think it is clearly taxable, for the association obtained rent for two automobiles which were housed therein. The use of the stable by the owners of the automobiles was certainly not within the purposes of the charity and created an independent source of revenue which had nothing to do with the purposes of the establishment, except that the revenue might be applied to its maintenance. That the association used the stable in question does not change the situation. Actual use means exclusive use, and mere concurrent or alternate occupation does not come within the requirement for exemption under the act: Phila. v. Barber, 160 Pa. 123.

The conclusion that some of the property is taxable is decisive of the case and we do not deem it necessary to discuss the other items. The legislature by the Act of July 17, 1919, P. L. 1021, has repealed all the other acts above referred to, and as to some of the items passed upon by the learned judge of the court below if the questions should again arise the change in law might affect the conclusion and any further comment will not furnish any guide for future action. For example in the Act of 1919, supra, the property in actual use and occupation is exempted in the Act of June 13, 1911, P. L. 898, the broader term "convenient use" was employed. There are also substantial differences between the Act of 1919, and the Act of March 24, 1909, P. L. 54. The

Act of 1919, practically reënacts this Act of 1874, its title being in the identical language with a repealing clause added, and the act contains the same proviso which was declared void in Sewickley Boro. v. Sholes, 118 Pa. 165.

If any portion of the premises is taxable the bill in equity must be dismissed. The Supreme Court has held in Sunday School Union v. Phila. et al., 161 Pa. 307, as to whether the portions exempt and taxable have been correctly determined, that is a question with which we in this proceeding (a suit in equity) have nothing to do. Any complaint on that score can only be heard on appeal from the decision of the Board of Revision of Taxes. See also Depuy v. Johns et al., 261 Pa. 40. This bill was not filed to modify the taxation but for entire relief from taxation. There is an adequate remedy at law: Act of April 19, 1889, P. L. 37; June 26, 1901, P. L. 601.

The decree of the lower court is affirmed. Appellant for costs.