## Beers et al., Trustees, v. Kemp et al., Monroe County Commissioners.

*Taxation—Exemption—Parsonage of church—Act of May 14, 1874.*

Under the Constitution, article ix, § 1, and the Act of May 14, 1874, P. L. 158, a parsonage of a church used as a residence of the minister of the church is not exempt from taxation.

Appeal from assessment of parsonage of the First Presbyterian Church of Stroudsburg for taxation. C. P. Monroe Co.

*C. R. Bensinger,* for appellants; *J. B. Williams,* for County Commissioners.

SHULL, P. J., April 4, 1927.—In considering this matter, we are first confronted by article IX, section 1, of the Constitution of Pennsylvania, as follows: "All taxes shall be uniform upon the same class of subjects within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws; but the general assembly may, by general laws, exempt from taxation public property used for public purposes, actual places of religious worship, places of burial not used or held for private or corporate profit and institutions of purely public charity."

In carrying this section of the Constitution into effect, the legislature has, from time to time, passed acts of assembly, the first of which is the Act of May 14, 1874, P. L. 158: "That all churches, meeting-houses or other regular places of stated worship, with the grounds thereto annexed necessary for the occupancy and enjoyment of the same; all burial-grounds not used or held for private or corporate profit, all hospitals, universities, colleges, seminaries, academies, associations and institutions of learning, benevolence or charity, with the grounds thereto annexed and necessary for the occupancy and enjoyment of the same, found, endowed and maintained by public or private charity; together with public school-houses, court-houses, jails, etc. . . . are hereby exempt from all and every county, city, borough, road and school tax."

It will be observed that in this statute appear the words "churches, meeting-houses and other places of stated worship," while in the Constitution the words specifying what may, by act of assembly, be exempted from taxation are "actual places of religious worship." Manifestly, this relates and can relate only to the building or ground in or on which persons meet regularly for the purpose of religious worship. The term "church" as used in this statute may not be applied to the church as an institution, but must be applied to the building actually and regularly used for religious worship, and this is equally true of the words "meeting-house or other places of religious worship."

Again, referring to the section of the Constitution above quoted, we find, in this reference to what may be exempted, the following, to wit, "institutions of purely public charity." Here there is not reference to property, either real or personal, but to "institutions," and this term is a comprehensive one,

for an institution may require for carrying out its purpose real and personal property, and such property, if it be an institution of purely public charity, whether it be religious, educational or of other character, may be exempted from taxation by act of assembly.

The courts of this Commonwealth have repeatedly held that property of such institutions, though not physically annexed to what might be termed the main or central building or grounds of the institution, if used for the purpose of the institution, may be exempted from taxation. Therefore, the question of physical annexation does not control.

Counsel for appellants cites many cases touching charitable institutions, but, by reason of the constitutional provisions, a different situation presents itself in considering such institutions and in determining the question now before the court.

The trustees of the First Presbyterian Church have appealed from the assessment of the Presbyterian parsonage. The parsonage is not a part of the church building, nor is it on the same tract or lot of land; it is not contended that the parsonage is of itself an actual place of religious worship, but it is admitted that it is used and occupied by the minister of the church as a residence, but it is contended that it is necessary to the occupancy and enjoyment of the church.

We readily see the force of this argument, for the parsonage is a part of the church as an institution, and as such is perhaps annexed to it. If the Constitution of Pennsylvania authorized the exemption of property of churches as institutions, then unquestionably would a parsonage be exempted as a part of the property of such institution, as in the case of Northampton County *v.* Lafayette College, 128 Pa. 132; Woman's Home Missionary Society *v.* City of Philadelphia, 173 Pa. 465; Episcopal Academy *v.* Philadelphia, 150 Pa. 565; Pennsylvania Hospital *v.* Delaware County, 169 Pa. 305. But all of these came within the class of institutions which, under the Constitution, may be exempted, while the case at bar, as we have stated, comes within an entirely different class, and, consequently, is subject to a different rule.

The distinction clearly appears in the Act of 1874, where, as relates to churches and meeting-houses, they are coupled with "all other regular places of stated worship," while, on the other hand, as it relates to hospitals, universities, etc., there is no reference whatever to the place used by them, but, as we have stated, they are classified as institutions of purely public charity.

From time to time, the legislature has, by amendment, to wit, the Acts of May 29, 1901, P. L. 319, March 24, 1909, P. L. 54, June 13, 1911, P. L. 898, July 17, 1919, P. L. 1021, April 9, 1921, P. L. 119, June 29, 1923, P. L. 928, and March 17, 1925, P. L. 39, extended the provisions of the Act of 1874 as to institutions. It is not, however, to any extent so amended as to places of religious worship, nor can it be, under our Constitution, amended as relates to property of churches so that property other than actual places of religious worship be exempt.

While many cases are cited, a large majority of which relate to institutions of public charity, not one case is cited by counsel for appellants, except the case of Northampton County *v.* St. Peter's Church, 5 Pa. C. C. Reps. 416, in which case a part of the church building itself was occupied as a parsonage. In this case, an attempt was made to tax that part of the church building which was held to be exempt. On the other hand, we have before us the case of Reformed Church of Harrisburg *v.* Dauphin County, 25 Pa. C. C. Reps. 570, where the court held: "A parsonage, though annexed to the church edifice, is not a place of stated worship within the meaning of the law. The test of

Beers et al., Trustees, *v.* Kemp et al., Monroe County Commissioners.

immunity from taxation is not physical annexation, but exclusive use for religious worship."

In this opinion, the learned judge cites the case of Philadelphia *v.* Barber, 160 Pa. 127, where the Supreme Court, in an opinion by Justice Mitchell, held that the actual use means the exclusive use, and a mere concurrent or alternate occupation by the church does not come within the requirements for exemption.

For the reasons above set forth, we are compelled to conclude, as a matter of law, that the parsonage is not exempt from taxation, and as this appeal does not go to the amount of the assessment, but to the question of whether or not the parsonage is exempt, there is nothing further for us to consider.

The appeal is dismissed, at the cost of appellants.

From C. C. Shull, Stroudsburg, Pa.