## Lancaster County v. Young Women's Christian Ass'n.

*Taxation — Exemption — Y. W. C. A. recreation camp — Constitution, art. ix, sect. 1—Act of April 9, 1921, P. L. 119.*

1. Where a country farm property was conveyed to the trustees of a Young Women's Christian Association, to be used in connection with their town plant as a summer home or camp for recreation, and is so used for members of the association and also for guests and visitors, who are charged for meals and lodging, such charges and the produce of the land cultivated going for maintenance, and any deficit being paid by the association, the property is not a necessary adjunct to the association and is not exempt from taxation.

2. Only property that is used directly for the purposes and in the operation of a charity is exempt from taxation.

Case stated. C. P. Lancaster Co., Feb. T., 1927, No. 86.

*J. Andrew Frantz*, for plaintiff; *Charles L. Miller*, for defendant.

LANDIS, P. J., April 16, 1927.—On May 29, 1925, Mary S. Kepler conveyed to William F. Lebzelter, James Shand, John N. Hetrick, Charles A. Sauber, Walter A. Heinitsh, Charles L. Miller, G. Ross Eshleman, William W. Heidelbaugh, H. W. Prentis, Jr., Dwight L. Armstrong, Mary S. Kepler, Eva R. Appel and Helen S. Hartman, trustees of the Young Women's Christian Association of Lancaster, Pennsylvania, a tract of land situated partly in Martic Township and partly in Conestoga Township, in the County of Lancaster, containing 105 acres and 141 perches, more or less. The conveyance was made subject to the following provision, to wit: "Subject, also, to the following restrictions and reservations: (1) The property hereby conveyed shall be used and maintained by grantees and their successors as a summer home or camp for the members of the Y. W. C. A. of Lancaster, Pa., and others, under rules and regulations from time to time adopted by the board of directors and boards of trustees of said association; and if at any time said property or any part thereof shall be sold, the net proceeds therefrom shall be held and used by grantees and their successors for a similar summer home or camp; but the purchasers shall not be accountable for the use of the proceeds of such sale or sales, grantees having full power and authority to sell and convey said property or any part or parts thereof in the exercise of their best judgment to accomplish the purposes of this deed of gift. (2) The rules and regulations for the use and conduct of said property from time to time adopted by the boards aforesaid shall at all times during the life of grantor be subject to her approval."

How many acres of this tract are located in Martic Township is not definitely set forth in the case stated; but of the land there situated, it is said forty-one acres are woodland, twenty acres are farmland and six acres and twenty-one perches surround the residence. There has been assessed upon the said land in Martic Township the sum of $22.50, and the tax collector of that township has demanded payment of the same. The defendants have refused to pay, on the ground that the organization is a public charity and exempt from taxation. This is the proposition which now comes before us for decision.

Article IX, section 1, of the Constitution of Pennsylvania declares that "all taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws; but the general assembly may, by general laws, exempt from taxation public property used for public purposes, actual places of religious worship, places of burial not used or held for private or corporate profit, and institutions of purely public charity."

Lancaster County *v.* Young Women's Christian Association.

The Act of April 9, 1921, P. L. 119, provides "that all churches, meeting-houses or other regular places of stated worship, with the ground thereto annexed necessary for the occupancy and enjoyment of the same, all burial-grounds not used or held for private or corporate profit, all hospitals, universities, colleges, seminaries, academies, associations and institutions of learning, benevolence or charity, with the grounds thereto annexed and necessary for the occupancy and enjoyment of the same, founded, endowed and maintained by the public or private charity: Provided, that the entire revenue derived by the same be applied to the support of, and to increase the efficiency and facilities thereof, the repair and the necessary increase of grounds and buildings thereof, and for no other purpose; and all school-houses belonging to any county, borough or school district, all court-houses, jails, poorhouses and all other public property used for public purposes, with the ground thereto annexed and necessary for the occupancy and enjoyment of the same, be, and the same are hereby, exempted from all and every county, city, borough, township, bounty, road, school and poor tax; provided, that all property, real or personal, other than that which is in actual use and occupation for the purposes aforesaid, and from which any income or revenue is derived, shall be subject to taxation, except where exempted by law, for State purposes, and nothing herein contained shall exempt same therefrom; and provided, that all property, real and personal, in actual use and occupation for the purposes aforesaid, shall be subject to taxation, unless the person or persons, association or corporation, so using and occupying the same, shall be seized of the legal or equitable title in the realty and possessor of the personal property absolutely."

It is agreed that the mansion-house and barn have been remodeled so as to convert the same into suitable buildings for a girls' camp and lodge and recreation buildings. Since the conveyance of the property, it has been maintained and operated as a recreation camp for women and girls. Guests and visitors at the property are charged for their meals and lodging, and the proceeds go towards the maintenance thereof. No distinction is made as to race or creed. It is stated that the deficit comes out of the treasury of the defendants; but how much of a deficit there is, or whether there is any actual deficit, is not stated. This general allegation, therefore, can in no wise affect the present question. It is said that twenty acres of land are under cultivation, and that the woods and other grounds are used for outdoor camping, hikes, games and other recreational purposes; that the lumber is used to heat the lodge; that vegetables, fruits and other produce raised on the property are used in feeding the guests and visitors at the lodge, and the crops from the tilled land are fed to the horses used and necessary for the operation of the camp, save a small amount, which is sold and the proceeds used for the support of the camp; and that the entire revenue has been applied to the support of the lodge and camp, to its necessary repairs and to increase the efficiency and facilities thereof, and for no other purpose.

In Philadelphia *v.* Women's Christian Ass'n, 125 Pa. 572, it was decided that the Women's Christian Association of Philadelphia was an organization within the meaning of the Constitution and the Act of May 14, 1874, P. L. 158, and, as such, its buildings and grounds were not taxable, and that its character as such charity was not destroyed if to some extent it received a revenue from the recipients of its bounty. While there is some divergence in the authorities on this subject, this case, as far as this organization is concerned, may be said to be the law of the State. Under it, the buildings and grounds of the Young Women's Christian Association of Lancaster are exempt from

taxation, and such has been the view of the local authorities, for they have never subjected them to taxation. However, in White v. Smith, 189 Pa. 222, it is said: "No hard and fast rule adapted to the varying facts of the different cases could at once be confidently laid down. . . . One thing was clear at the start, no matter what was the legislative language, the exemption could not extend to any property not a 'purely public charity.'" In this case, the court also said: "We will not open the road further in that direction, because both the Constitution and the statute obstruct it; and it is immaterial whether the courts break through or go around this obstruction; the end is the same."

The present proposition is entirely different. The land and the buildings sought to be exempted are widely separated from those of the parent organization. They are not used in any respect in the same way. They may be for the improvement of those who use them in a physical and social way, but not only members of the organization but others who are permitted to do so and pay the price demanded may use these lands and partake of the advantage offered. The rules and regulations, however, which govern them must first have the donor's approval as long as she lives.

Generally speaking, all land is subject to taxation, and an exception must be clearly established. In Pocono Pines Assembly v. Monroe County, 29 Pa. Superior Ct. 36, Rice, P. J., delivering the opinion of the court, said: "The Constitution does not, of itself, exempt any property from taxation; it merely authorizes the legislature by general laws to exempt, inter alia, 'institutions of purely public charity:' Donohugh's Appeal, 86 Pa. 306. Amongst the subjects of exemption specified in the Act of May 14, 1874, P. L. 158, are 'associations or institutions of learning, benevolence or charity, with the grounds thereto annexed and necessary for the occupancy and enjoyment of the same, founded, endowed and maintained by public or private charity.' We entertain no doubt that an association or institution founded, endowed and maintained for the object set forth in the appellee's charter, and that exclusively, is an association or institution of learning within the meaning of the act. But when an association or institution seeks exemption, it must be in fact a purely public charity; it is not sufficient that the object of the association as set forth in its charter is to establish and maintain such an institution. If it ceases to be that on which it depends for exempton, the property at once becomes subject to taxation:" White v. Smith, supra. In Church of Our Saviour v. Montgomery County, 10 W. N. C. 170, it was decided that "a parsonage, although erected on the church lot, was not exempt from taxation;" and in Thiel College v. Mercer County, 101 Pa. 530, that college buildings, under the facts of that case, were not exempt. In Pennsylvania Hospital v. Delaware County, 169 Pa. 305, it was held that "property which is not used directly for the purposes and in the operation of a charity, but for profit, is not exempt from taxation; and the devotion of the profit to the support of the charity will not alter this rule;" but where the farms, in actual operation as such, with livestock and the various crops, are part of the attraction and usefulness for curative purposes of the hospital, that property which is used directly for the purposes and in the operation of the charity is exempt, though it may also be used in a manner to yield some return and thereby reduce the expense.

The Young Women's Christian Association of Lancaster is a corporation of the first class. Its buildings are located in the City of Lancaster. Its purpose, as defined by its charter, is: "Improving the physical, social, intellectual and spiritual condition of young women." It falls under that class of cases which the Constitution designates as "institutions of purely public charity," and is embraced within the provision of the Act of 1921 which covers "insti-

Lancaster County v. Young Women's Christian Association.

tutions of learning, benevolence or charity, with the grounds thereto annexed and necessary for the occupancy and enjoyment of the same, founded, endowed and maintained by the public or private charity."

In Elmwood Home v. Smith, 45 Pa. C. C. Reps. 659, it was held that "while an incorporated home for the maintenance of delinquent children, supported by public and private contributions, is generally exempt from taxation, it is not so on a portion of a farm owned by it and cultivated, not necessary for the occupancy and enjoyment of the buildings in which the children live." In Sisters of the Blessed Sacrament, 38 Pa. Superior Ct. 640, it was held that "a charitable corporation, organized to promote the education of Indian and Negro children and to train teachers for that service, is subject to taxation for land owned by it and used solely for tillage and pasturage in order to provide food for the inmates of the institution, if it appears that the endowment of the corporation is such that the food supplied by the farm could be procured from other sources of income." In Mercersburg College v. Poffenberger, 36 Pa. Superior Ct. 100, it was decided that "if the surplus income of a school over cost of maintenance is derived from payments made by students, the institution cannot be said to be maintained by public or private charity, even though the surplus be used to enlarge the institution by the purchase of additional lands and the erection of additional buildings—particularly if it be not shown that without such enlargement the institution could not be maintained." In Christian Association of the University of Pennsylvania v. City of Philadelphia, 75 Pa. Superior Ct. 516, it was decided that "property of a charitable institution which is not used directly for the purpose and in the operation of the charity, but for profit, is not exempt from taxation, and the devotion of the profit to the support of the charity will not alter the result. The property which is used directly for the purpose and in the operation of the charity is exempt, although it may also be used in a manner to bring some return and thereby reduce expenses." In Friends' Boarding Home of Bucks Quarterly Meeting v. County Commissioners of Bucks County, 80 Pa. Superior Ct. 475, it was held that "a home for aged persons, the charter of which declares its object to be to provide 'a home for aged and infirm Friends and Friendly people of limited means,' is not a 'purely public charity.'" The whole subject, in all of its ramifications, has been lately fully discussed by Stewart, P. J., in Young Men's Christian Ass'n v. City of Easton, 3 D. & C. 562, and in Board of Home Missions and Church Extension of the Methodist Episcopal Church v. Philadelphia, 266 Pa. 405.

Here, it is not said, in the case stated, whether any part of the income derived from the property's maintenance and operation as a recreation camp for women and girls goes into the treasury of the Young Women's Christian Association of Lancaster, nor are we told how much, if any, money is paid out by that association for the maintenance of this property. All that is stated is that "continuously since its acceptance of said property defendant has maintained and operated it as a recreation camp for women and girls, it being used daily throughout the summer months, and principally over week-ends during the balance of the year," and that "guests and visitors at the property, known as Kepler Lodge, are charged for their meals and lodging, all the proceeds going towards the maintenance thereof, and the deficit, if any, coming out of the treasury of the defendant."

Therefore, under the authorities as we have read them, this property is not exempt from taxation, and we accordingly, under the terms of the case stated, enter judgment in favor of the plaintiff for the sum of $22.50.

Judgment for plaintiff.      From George Ross Eshleman, Lancaster, Pa.