## CITY OF LONGVIEW v. MARKHAM–Mc-REE MEMORIAL HOSPITAL.

### No. 5625.

Court of Civil Appeals of Texas. Texarkana.

Nov. 28, 1939.

Rehearing Denied Dec. 14, 1939.

Bailey M. Salmon, of Longview, for appellant.

McCall & Dawson, of Longview, for appellee.

HALL, Justice.

Appellant brought this suit in District Court of Gregg County against appellee for taxes allegedly due by it to appellant for the year 1937. Appellee answered by general demurrer, general denial, and alleged further: " * * * that it is a corporation organized for the purpose of supporting a benevolent, charitable, and educational undertaking, consisting of the acquisition or the erection and maintenance of a hospital in the City of Longview, Gregg County, Texas, for the purpose of administering to the sick, the infirm, the helpless, the maimed and the afflicted of all creeds, colors and nationalities, receiving and properly caring for all such as may be brought to, or present themselves at such hospital for such treatment, nursing and care—especially excluding and excepting, however, all such persons as may be suffering from any contagious or mental diseases—and to alleviate the ills, sufferings, pains, and afflictions of all such as are included, as above mentioned, and to restore them, as far as possible, to the best condition of health; and further for the purpose of training and educating young women for the nursing profession. That defendant acquired the land and erected the hospital building here sought to be taxed and is the sole and exclusive owner of said land and building, and has used and now uses said land and building exclusively for the purposes above set forth. That said defendant is an institution of purely public charity, making no gain nor profit, accomplishing ends wholly benevolent, and benefitting persons indefinite in numbers and in personalities by preventing them through absolute gratuity from becoming burdens to the state. That said land and building sought to be taxed is owned and used exclusively by said institution of purely public charity, and hence under the Constitution of the State of Texas and the laws of the State of Texas (Art. 7150(7), Rev.Civ. Stat.1925) said land and hospital building is exempt from taxation by said plaintiff."

The case was submitted to the court below upon an agreed statement of facts, and upon which judgment was rendered that appellant take nothing. The case is now before this court on the agreed statement of facts which contains the following stipulation:

"Drs. McRee and Bergman have offices in the hospital. They likewise treat many of their patients in the hospital and use its equipment in so doing, but the hospital charges their patients on the same basis and in the same manner as it does the patients of all doctors. They have no privilege in the use of the hospital or its equipment that any other ethical doctor does not have in the treatment of his patients there. The sole distinction between these two doctors and visiting doctors is that these two have offices in the hospital. For these offices they pay the hospital a monthly rent of $100.00, treat the charity patients of the hospital without charge, and remain on hand at the hospital day and night as house physicians to take care of all emergency cases coming to or already in the hospital, whether such patients be their own patients, charity patients, or the patients of other physicians. It is necessary for the proper operation of the hospital that a doctor be at the hospital subject to immediate call at all times. During the past twenty-one months thay have rendered services to charity patients in hospital while acting as house physicians to the amount of $1,888.50 without charge whatever, as well as many services to the patients of other physicians in the hospital when such patients needed immediate care in the absence of the physicians of their choosing. The hospital pays these doctors nothing for these services to charity patients and services performed as house physicians; they charge their own patients which they treat in and out of the hospital for their services without any connection whatever with the charges made by the hospital for its serv-

ices. The hospital is no more connected or interested in the fees charged by its house physicians than it is in fees charged by visiting doctors. It is the established rule that if the patient in the hospital is unable to pay both his hospital bill and physician's fee, then the hospital gets paid first before the physicians accept a cent. There is no connection in the bookkeeping of the hospital and the bookkeeping of its house physicians nor of the bookkeeping of any other doctor who treats some of his patients there.  *  *

"It is also agreed that the sole question at issue is whether the above fact situation creates such a relationship as will destroy the exemption of the charitable institution as to this property."

Thus we are relieved by the agreement of the parties to this appeal of the necessity of discussing any feature of this case except that relating to the exclusive use of the hospital for charitable purposes. In the stipulation set out above there appears this significant statement: "It is necessary for the proper operation of the hospital that a doctor be at the hospital subject to immediate call at all times." Thus it is made to appear from the record as an agreed fact that the letting of the offices to the two physicians was for a purpose so closely related to the main object for which said hospital was formed as to come within the general design of the charitable enterprise. And, in our opinion, the collection by the hospital of the $100 per month rent as part payment by the house physicians for the offices occupied by them, under the agreed facts in this case, would not be a sufficient circumstance to rob it of its exclusive use as a purely charitable institution, nor take from it the exemption from taxation extended by the Constitution of this State, Article 8, Section 2, Vernon's Ann.St.; and R.C.S. Article 7150, Sec. 7. We think this case is ruled by Santa Rosa Infirmary v. City of San Antonio, Tex.Com.App., 259 S.W. 926, and cases there cited. In Contributors to Pennsylvania Hospital v. Delaware County, 169 Pa. 305, 32 A. 456, 457, it is said: "But property which is used directly for the purposes and in the operation of the charity is exempt, though it may also be used in a manner to yield some return, and thereby reduce the expenses." See also Board of Supervisors, Warren County v. Vicksburg Hospital, Inc., 173 Miss. 805, 163 So. 382. The record shows by agreement that this hospital, even after collecting the $100 per month rent from its house physicians, has

been operated at a loss of over $2000, nearly double the amount of taxes sought to be collected from it.

"The theory upon which institutions of this character are exempted from taxation is that they serve the government by relieving it to some extent of what would otherwise be a public duty or governmental function to care for the indigent sick and afflicted, and it is the assumption by such institutions of this burden which compensates the government for the exemption granted them from the general obligation resting upon all citizens to pay taxes." Santa Rosa Infirmary v. City of San Antonio, supra [259 S.W. 935].

We conclude, then, that under the agreed facts the Markham-McRee Memorial Hospital is a purely charitable institution devoted exclusively to charitable purposes, and as such, is entitled to exemption from all taxes under Article 8, Sec. 2 of our Constitution, and Revised Civil Statutes, Art. 7150, Sec. 7.

Finding no error in the record, the judgment of the court below is in all things affirmed.