## The Westminster Foundation of the City of Philadelphia v. Board of Revision of Taxes

*Ronald A. Anderson, Henry & Griffiths*, for plaintiff.
*Joseph H. Lieberman*, for board of revision of taxes.

SMITH, P. J., October 14, 1949.—This matter comes before the court on plaintiff's petition requesting an exemption from taxation covering premises 3803 Locust Street, Philadelphia. The board of revision of taxes has refused to grant the exemption it requested and the matter is now before us on appeal. The application is made upon the basis that the parcel of real estate is used for charitable purposes. The board of

revision of taxes has advanced a theory that this building is not exempt from taxation because the director of the Westminster Foundation resides on the premises. By analogy they state that since the rectory of a church is not exempt from taxation, that this building is therefore not exempt.

This building has a sign on its front "Westminster House". It is used for the social, religious and intellectual development of the students through a program of activities carried on by this organization. The students come from the University of Pennsylvania, both from graduate and undergraduate schools, the medical, dental and veterinarian schools of the university, the Presbyterian Hospital, the Philadelphia General Hospital, the University Hospital, Drexel Institute of Technology and from other organizations. It is the work of the Presbyterian Church on the campus of the university, and it is supported by contributions from the Philadelphia Presbytery and individuals together with many churches and organizations. A number of affairs of a social, religious and intellectual nature take place within the building; its students are interviewed on various days, and special groups from Jefferson Medical College, the University Medical College, the Women's Medical College and Hahnemann Medical College hold discussions on general health and other problems of the young men who visit this place. There are no charges for the services performed for the students and visitors who come to this building. The director resides within the building and it is for that reason that the board of revision of taxes is of the opinion that the building itself is not exempt from taxation.

Petitioner is a corporation of the first class, incorporated under the Act of April 29, 1874, by decree dated October 20, 1925, of the Court of Common Pleas No. 5 of Philadelphia County as of June term, 1925,

no. 1258. It was organized for the purpose of providing for the intellectual, social and religious welfare of students at the University of Pennsylvania and other educational institutions, especially for those students who are adherents of the Presbyterian Church of the United States. Title to the premises 3803 Locust Street was taken by deed on August 5, 1935.

A reading of the testimony and the pleadings show that this particular building is not a church and is not conducted as such. It is a charitable organization for the religious, social and intellectual welfare of students. The confusion which so often arises as to whether a particular building is exempt from taxation or not, arises from the provisions of the Constitution of Pennsylvania of 1874, article IX, sec. 1, which specifically provides exemption for "actual places of religious worship". The facts here show that this is not an actual place of religious worship but a charity. The constitutional limitation imposed in the Constitution does not apply to charities. In Foerderer et al. v. City of Philadelphia, 111 Pa. Superior Ct. 328, 330, Trexler, P. J., held:

"Article IX, Section 1, of our State Constitution allows the legislature to exempt from taxation institutions of purely public charity. In the exercise of this power, the general assembly has passed various acts, the last on April 30, 1925, P. L. 388, which, Section 1, as in preceding acts, applies the exemption, inter alia, to 'institutions of learning, benevolence or charity with the grounds thereto annexed and necessary for the occupancy and enjoyment of the same.'

"As was stated in White v. Smith, 189 Pa. 222, 42 A. 125, and in other cases, it is often a difficult and perplexing duty to determine whether the exemption applies or not. No hard and fast rule adapted to the varying facts of the different cases can be confidently laid down."

In White v. Smith, 189 Pa. 222, 232, Mr. Justice Dean held:

"It is further argued that even if the school building proper be exempt, the teachers' residence is not, because it is not part of the school building. This argument assumes the fact to be in direct contradiction of that found by the court, that is, that it is used solely as a residence for the school teachers; that it is a part of the school property, and is necessary for the efficient operation and management of the schools; that it was constructed solely from voluntary contributions, and no revenue whatever is derived from it. Assuming as we must this finding of the court to be the fact, the property is exempt, for it is part of the school building, and exclusively used for school purposes."

In Contributors to Pennsylvania Hospital v. Delaware County et al., 169 Pa. 305, 308, 32 Atl. 456, Mr. Justice Mitchell described the two classes of charity where one property is not exempt and the other is. He said:

"Property which is not used directly for the purposes and in the operation of the charity, but for profit, is not exempt, and the devotion of the profit to the support of the charity will not alter this result. Of this class of cases Am. Sunday School Union v. Phila., 161 Pa. 307, is the exemplar and authority. But property which is used directly for the purposes and in the operation of the charity is exempt, though it may also be used in a manner to yield some return and thereby reduce the expenses: Donohugh's App., 86 Pa. 306; Phila. v. Penna. Hospital, 154 Pa. 9; House of Refuge v. Smith, 140 Pa. 387."

Faculty residences which are an integral part of an institution of learning are exempt: County of Northampton v. Lafayette College, 128 Pa. 132. In Episcopal Academy v. Philadelphia et al., 150 Pa. 565, 575, it was held:

"The school is maintained by the use of its plant, the gift of both public and private charity, for the legitimate purposes of the trust and in exact accordance with the will of the donors. It is therefore maintained by charity within the meaning of the Act of 1874. The fact that the school is under the control of a denomination or religious sect, and that a preference is given to children of parents connected with the denomination, does not destroy its character as a public charity, since no one is excluded by reason of denominational connection or preference, but such persons are admitted as fast as vacancies occur: Price v. Maxwell, 28 Pa. 23; Donohugh's Appeal, 86 Pa. 306."

In Braddock Catholic Cemetery Company's Appeal, 59 D. & C. 408, Judge Soffel held (pp. 412, 413) :

"In seeking to apply to the instant case the well-established principle of taxation that a rectory or parsonage attached to a church is not exempted, the board of assessment fails to take into account the language of article IX, sec. 1, of the Constitution of 1874, which specifically provides exemption for *'actual* places of religious worship'. Because of the use of the word 'actual' in the Constitution of 1874, the courts have consistently refused to exempt living quarters attached to a church because the living quarters of one connected with the carrying on of the work of the church cannot be considered an *actual* place of religious worship. This constitutional limitation, however, does not occur in the language relating to places of burial, and in our judgment the analogy sought to be drawn is not a valid one. There is on the contrary an analogy to the exemption of public charities. The language applicable to charities and that relating to burial grounds omits the word 'actual'. As a result, living quarters connected with charities are held to be exempt from taxation."

Here in the present case it may be said that the residence of the director of the Westminster Foundation of the City of Philadelphia on the premises is reasonably necessary for the purposes of the foundation where he may be available day and night to those persons included in the charitable purposes of the foundation.

*Decree*

And now, to wit, October 14, 1949, the appeal from the finding of the Board of Revision of Taxes for the County of Philadelphia, is granted and the property located at 3803 Locust Street, Philadelphia, is now exempt from taxation.