# Nolde's Estate.

*Executors and administrators—Administrator of administrator—Accounts.*
Where an administrator has been awarded half the fund in his hands as one of the next of kin of the decedent, and it appears that the award included sums which the administrator had already distributed to himself, the administrator of the administrator will not be surcharged with the whole amount of the award, but will be responsible for that portion of it only which actually came into his hands.

*Executors and administrators—Expenses of suit.*
Where an administrator is substituted as a party defendant in a suit pending against the decedent at his death, and the administrator employs competent counsel and acts upon their advice, and seeks to preserve the estate for the benefit of all the creditors, he cannot be charged with the costs and expenses of  defending the suit, although it may have ultimately gone against him.

*Executors and administrators—Cost of .copy of inventory.*
A credit of $1.00 to an administrator for a copy of the inventory is proper.

*Executors and administrators—Decedent's estate—Traveling expenses of clergyman.*
Where no clergyman of the denomination to which the decedent belonged lived in the immediate neighborhood, and one is brought from another place, the traveling expenses of such clergyman paid by the administrator will be properly allowed as a credit in the administrator's account.

Argued Nov. 15, 1904.    Appeal, No. 253, Oct. T., 1903, by Martin D. Irwin, from decree of O. C. Lancaster Co., Aug. T., 1903, No. 14, dismissing exceptions to adjudication in estate of Lorenz Nolde, deceased.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to adjudication.
The facts appear by the opinion of the Superior Court.

414 NOLDE'S ESTATE.

Assignment of Errors—Opinion of the Court. [27 Pa. Superior Ct.

*Errors assigned* were in dismissing exceptions to adjudication.

*T. B. Holahan* and *H. M. North,* for appellant.

*B. F. Davis,* with him *Joseph Evans,* for appellee.

OPINION BY HENDERSON, J., March 14, 1904:

Letters of administration were issued on the estate of John S. Nolde, January 19, 1891, to Emma Nolde and Lorenz Nolde. The decedent was the husband of Emma Nolde and the son of Lorenz Nolde, and died without issue. The administration of the estate was so proceeded with that an auditor was appointed February 8, 1892, to distribute the balance of the estate shown by the account of the administrators. The auditors's report was filed March 21, 1892. It showed that Emma Nolde, widow, and Lorenz Nolde, the father, were entitled under the intestate laws to the fund for distribution, to wit: $1,454.31 each. Lorenz Nolde died on February 22, 1892, and letters of administration on his estate were issued to Samuel R. Hess on March 2, 1892. Lorenz Nolde transacted the principal part of the business as administrator of John S. Nolde's estate, and the funds of the estate were in his custody. The administrator of his estate charged himself with the sum of $467.62 received on account of the interest of Lorenz Nolde in the estate of John S. Nolde; and the appellant now assigns for error the refusal of the court to surcharge the accountant with the difference between that amount and the sum allowed by the auditor. The appellant is a creditor of Lorenz Nolde and contends that the confirmation of the auditor's report was a conclusive judgment that there was due to the estate of Lorenz Nolde from the estate of John S. Nolde the amount awarded by the auditor, and that it was the duty of the appellee to collect that amount less $467.62 accounted for by him. The learned judge below found as a fact that of the amount awarded by the auditor to the administrator of Lorenz Nolde $986.70 had been received and used by Lorenz Nolde in his lifetime, and that therefore it was not a part of his estate and could not have come into the hands of the accountant. This finding is fully sustained by the evidence. It not only appears

in the opinion of the court below, but is shown by the report of the auditor, that Emma Nolde, the widow, and Lorenz Nolde, anticipated the distribution between themselves of the balance of the estate, and appropriated and used a portion of it during the lifetime of Lorenz Nolde. As this balance belonged to them and was under their control, no one, so far as the evidence in this case discloses the facts, has standing to object that they used that which was their own. The attempt here is in effect to compel Lorenz Nolde to pay to himself— a thing which he could not be compelled to do if he were alive ; and no more can a creditor of his estate charge the accountant with liability for his failure to recover that which at the time he was appointed administrator was not part of the estate and never came into the accountant's hands. All but $467.62 of Lorenz Nolde's share of his son's estate had been taken out of the administration fund by him and appropriated to his own use. It is clear, therefore, that the present accountant cannot be made liable for an estate which he could not have received. The accountant represents the estate of Lorenz Nolde, and it is too plain for discussion that he cannot get that for the estate which the decedent received and used in his lifetime. The finding of the auditor was that the father and widow were entitled to participate equally in the distribution of the John S. Nolde estate. It did not take account, however, of actual distributions made by the accountants themselves prior to the action of the auditor. The auditor's report was based upon the records. Actual distribution was a matter accomplished by the accountants who were at the same time distributees.

The numerous exceptions to disbursements by the appellee were properly disposed of by the court. The items chiefly objected to were charges and expenses incident to the defense of a suit in which the appellant was plaintiff and the decedent defendant. The action was pending at the death of Lorenz Nolde. The appellee was substituted as a party. He employed competent counsel and acted under their advice. Under all the authorities he is exempt from responsibility if he acted in good faith and under the direction of counsel. Many cases hold that trustees who have so acted are not responsible for a mere error of judgment, or a mistake of law: King v. Morrison, 1 P.

& W. 188; Bradley's Appeal, 89 Pa. 514, and cases there cited.

It is not intimated in the evidence that the appellee did not act with due regard to his duty in the premises, and the court would not have been justified in holding him accountable for expenses honestly incurred under legal advice in the defense of the action. The question involved in that litigation was not one of distribution as suggested by the learned counsel for the appellant. The accountant was acting in the interest of the estate in attempting to preserve it for the benefit of all the creditors. Stineman's Appeal, 34 Pa. 394, and the other cases cited, are authority for the proposition that an executor or administrator as such has no right to appeal from a decree distributing funds in his hands; but that question is not involved in this controversy.

So far as appears from the evidence, the credit of $1.00 for a copy of the inventory was a proper credit. A copy of the inventory might be useful to the administrators, and we cannot say that the amount charged is excessive, in the absence of evidence to that effect.

The credit for traveling expenses of the minister who officiated at the funeral was properly allowed. No clergyman of the denomination to which the decedent belonged lived in the immediate neighborhood, and one was brought from another place. The amount charged is small and there is no allegation that it was not disbursed as claimed. Even under the rule declared in Shelly's case, 1 Salk. 296, the fees of the clergyman were held to be allowable in an insolvent estate, and the strictness of the rule has been relaxed in this country: Jennison v. Hapgood, 27 Mass. 77; Fairman's Appeal, 30 Conn. 205; Woods' Estate 1 Ash. 314. The charge here is for traveling expenses only, and is fairly within the limits of allowable credits.

The decree is affirmed.