# Sisters of the Blessed Sacrament.

*Taxation—Charitable corporation—Farm land.*

A charitable corporation organized to promote the education of Indian and negro children and to train teachers for that service, is subject to taxation for land owned by it and used solely for tillage and pasturage in order to provide food for the inmates of the institution, if it appears that the endowment of the corporation is such that the

food supplied by the farm could be procured from other sources of income.

Argued Nov. 19, 1908. Appeal, No. 79, Oct. T., 1908, by the Sisters of the Blessed Sacrament, from order of C. P. Bucks Co., May T., 1907, No. 000, affirming assessment of land for taxation. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Appeal from tax assessment. Before STOUT, P. J.
The facts appear by the opinion of the Superior Court.

*Error assigned* was order sustaining the assessment.

*Walter George Smith* and *H. Yerkes*, of *Yerkes, Ross & Ross*, for appellant.—This case falls within the principle enunciated by the Supreme Court in Pennsylvania Hospital v. Delaware County, 169 Pa. 305, where it was held that: "Property which is used directly for the purposes and in the operation of the charity is exempt, though it may also be used in a manner to yield some return and thereby reduce the expenses." See also Thiel College v. Mercer County, 101 Pa. 530; Haverford College v. Rhoads, 6 Pa. Superior Ct. 71.

*Hugh B. Eastburn*, county solicitor, with him *John C. Stuckert*, for appellee, cited: Sisters of St. Francis v. Delaware County, 7 Del. Co. Rep. 214; Thiel College v. Mercer County, 101 Pa. 530; Pittsburg v. Third Presbyterian Church, 10 Pa. Superior Ct. 302; Sunday School Union v. Phila., 161 Pa. 307.

OPINION BY HENDERSON, J., February 26, 1909:
The appellant is a corporation organized to promote the education of Indian and negro children and to train teachers for that service. Its real estate in Bucks county consists of 124 acres with a convent, dormitory and other buildings adapted to the purposes of the organization. The land which is the subject of the assessment complained of is known as the Strickler farm, containing twenty-two acres, and was acquired several years

after the organization of the institution. This farm is devoted
to agricultural purposes: about ten acres to pasturage and the
balance to tillage.    The farmhouse is occupied by a gardener
and farmhand, the latter of whom pays $4.00 a month for rent.
The barn is used for the stabling of cattle and presumably for
other purposes usual in such cases.    The institution does not
give any training to boys except in school work, and the farm-
ing operations are carried on by other persons than inmates.
The Act of May 14, 1874, P. L. 158, passed pursuant to the pro-
visions of sec. 1, art. IX, of the constitution, exempts from tax-
ation all institutions endowed and maintained by public or
private charity "with the grounds thereto annexed and neces-
sary for the occupancy and enjoyment of the same." It is in-
cumbent on the appellant to show that the land in question is
necessary for the occupancy and enjoyment of the institution.
This requirement is not met by proving that it is useful or con-
venient or profitable, for in that way land wholly disconnected
with the immediate objects of the charity might be held and
managed free from liability for the payment of tax.  The use to
which this land is put is the production of food for the teachers
and pupils in the convent and school, from which there is a small
annual surplus of some kinds.    The charity had existed for
years before the land was purchased, and if the farm were sold
its object could still be prosecuted without impairment of its
efficiency.   It would be necessary to procure the supplies ob-
tained from the farm from some other source, but the school,
the convent, the lawn, the orchard and all the appurtenances
now or heretofore used for school purposes would remain.  That
the product of the farm operations is devoted to charity does
not affect the result.   It is a business enterprise carried on in
aid of the institution and profitable to it.   If the soil were pe-
culiarly adapted to the growth of tobacco and appropriated to
the cultivation of that crop and the proceeds thereof were ap-
plied to the purchase of food it could hardly be contended that
such enterprise was necessary to the use and enjoyment of the
school, and the legal distinction is not clear between the con-
sumption of the crops directly and a similar use of provisions
purchased with money derived from a sale of such crops.    It is

urged that milk and vegetables and other produce are essential
to the subsistence of those connected with the school and that
this brings the case within the exemption of the statute.  This
reasoning, however, would justify the prosecution of agricul-
tural enterprises equal to the demands of the institution, and if
these may be supplied land may in like manner be held for the
maintenance of flocks for the production of wool to be converted
into clothing for the children and herds of cattle to be converted
into beef, and thus large bodies of land not used in any proper
sense directly in connection with the objects of such an institu-
tion would be withdrawn from the operation of the tax laws.
The constitution and statute do not admit of such liberal in-
terpretation.   Generally speaking, all land is subject to tax-
ation, and an exception must be clearly established.  Thiel Col-
lege v. County of Mercer, 101 Pa. 530, we think, rules this case.
It is true it was held that the college was not a public charity,
but Mr. Justice GORDON also discusses the case on the assump-
tion that it is a public charity and proceeds to say that land to
be used as a farm in connection therewith is not a necessary use
within the meaning of the statute.   This case was reaffirmed in
Northampton County v. Lafayette College, 128 Pa. 132, the
court calling attention to the fact that the assessment in the
former case was on "farm land, one horse and two cows."   It is
well decided that a parsonage located on the grounds of a church
and used by the minister of the congregation is not necessary
for the occupancy and enjoyment of the church, and the lan-
guage of the act with reference to churches and their grounds
is identical with that used with reference to institutions of
benevolence or charity.   It is said, however, that this case falls
within the principle announced in Penna. Hospital v. Dela--
ware County, 169 Pa. 305.   We observe a marked difference,
however.   In that case part of the land was worked for profit to
reduce expenses, but it appeared in the evidence that it was
bought as part of the hospital plant to be used as an open-air
sanitarium and roaming ground for insane and convalescent
patients.   It was shown also that the farms in actual operation
with the live stock and crops thereon were part of the attraction
and usefulness of the premises for curative purposes, and the

decision was placed on the ground that these premises were an integral part of the hospital scheme. It was accordingly held that the farming operations were incidental merely to the object for which the land was acquired and used. That the appellant is engaged in a benevolent and praiseworthy work is apparent from the evidence presented and is admitted by the appellee, but its authority to hold land free from taxation under the exemption of the statute has a limit which we think is exceeded when it carries on a farming enterprise in aid of its charity. It still has more than 100 acres not subjected to tax and we do not find anything in the record which would warrant the conclusion that that is inadequate as grounds for the accommodation, recreation and comfort of those connected with the institution in the prosecution of its work.

The decree is affirmed.

RICE, P. J., and BEAVER and HEAD, JJ., dissented.