Argued November 15, 1927.
This case came before the Common Pleas on a case stated. The question of law submitted, whether certain real estate of defendant, situated in Martic Township, Lancaster County, is exempt from taxation, was answered in the negative. The question is brought before us by defendant's appeal. We are compelled to differ with the learned judge below in our conclusion of law.
It is necessary to state the essential facts stipulated. Appellant was incorporated in 1896 as a corporation of the first class by a decree of the court below for the "purpose of improving the physical, social, intellectual and spiritual condition of young women." By its charter and by-laws, the real estate owned by it is held in the name of its trustees. It is a public charity maintained by membership dues, class fees, etc., and the budget difference is raised by voluntary contributions from the citizens of Lancaster City and County. Its property in Lancaster City is exempted from taxation as a public charity. On May 29, 1925, there was conveyed to it by deed of gift a tract of land situated partly in Martic Township and partly in Conestoga Township, Lancaster County, containing almost one hundred six acres. The conveyance was made subject to the following restrictions and reservations: "(1) The property hereby conveyed shall be used and maintained by grantees and their successors *Page 516 
as a summer home or camp for the members of the Y.W.C.A. of Lancaster, Pa., and others, under rules and regulations from time to time adopted by the Board of Directors and Board of Trustees of said Association; and if at any time said property or any part thereof shall be sold, the net proceeds therefrom shall be held and used by grantees and their successors for a similar summer home or camp." The donor, before conveying to appellant, spent large sums of money in converting the mansion house and barn into suitable buildings for a girls' camp and lodge and recreation building. Continuously since its acceptance of the property appellant has maintained and operated it as a recreation camp for women and girls, it being used daily throughout the summer months and over week-ends during the remainder of the year. Guests and visitors at the property are charged for their meals and lodging, the proceeds go toward the maintenance thereof, any deficit coming out of the treasury of appellant. No distinction is made as to race or creed. All of the land and property in Martic Township has been used for the purposes aforesaid. Twenty acres are under cultivation. The woods and other grounds are used for out-door camping, hikes, games and other recreational purposes. Wood from the timber is used to heat the lodge. The vegetables, fruit and other produce raised on the property have been used in feeding the guests and visitors. The crops from the tilled land have been fed to the horses, used and necessary for the operation of the camp, save a small amount which was sold for $27 and the proceeds used for the maintenance of the camp. The entire revenue derived from the property has been applied to the support of the lodge and camp and to the necessary repairs thereof, and to increase the efficiency and facilities thereof and for no other purpose. The conducting of summer camps for girls and young women *Page 517 
is part of the National program of the Y.W.C.A.; and for a number of years prior to its acceptance of this property appellant conducted summer camps for young women in various parts of Lancaster County.
The court below conceded that appellant is an institution of purely public charity and that the buildings and grounds constituting the plant of appellant in Lancaster City are exempt from taxation under the provisions of the Act of April 9, 1921, P.L. 119, exempting from taxation "all ...... Institutions of ...... benevolence or charity, with the grounds thereto annexed and necessary for the occupancy and enjoyment of the same, founded, endowed and maintained by the public or private charity; Provided, that the entire revenue derived by the same be applied to the support of and to increase the efficiency and facilities thereof, the repair and the necessary increase of grounds and buildings thereof, and for no other purpose." But he was of the opinion that the land and buildings here involved were not exempt from taxation, because they are widely separated from those of the parent organization, and are not used in any respect in the same way; and because not only members of the organization, but others who are permitted to do so and pay the price demanded, may use these lands and partake of the advantages offered.
We said in National Farm School v. Com. Bucks Co., 87 Pa. Super. 231,234: "The rule deducible from these cases is that an institution may have buildings and grounds separated from each other, but, when taken together they constitute one whole plant, the operation of which is devoted to the purposes contemplated by the statute, the different tracts are exempted from taxation." We regard the statement of the court below, that the land and buildings sought to be exempted "are not used in any respect in the same way" as those in the city, as in conflict with the admitted *Page 518 
facts. The use of the property conforms to the purposes of the charity set forth in the charter — "improving the physical, social, intellectual and spiritual condition of young women." The fact that the benefits of the public charity are open to others than members of the organization is in itself no reason for depriving it of exemption from taxation. The question whether the camp buildings and grounds are "necessary for the occupancy and enjoyment" of the charitable institution is one primarily for its governing board. It is not for the courts to substitute their judgment for that of the governing board on the question of what grounds are necessary. The word "necessary" as used in the statute does not mean "absolute necessity," but rather a "reasonable necessity," "convenient and useful" to the purpose of the charity. Chief Justice MARSHALL said in McCullough v. Maryland, 4 Wheat. 414: "To employ the means necessary to an end, is generally understood as employing any means calculated to produce the end and not as being confined to those single means, without which the end would be entirely unobtainable." That all of the land here involved is really useful for the accomplishment of the purpose set forth in appellant's charter seems free from all reasonable doubt. There is no finding of fact to the contrary. That it is used for that purpose is admitted. The development of the physical condition of young women is one of its declared purposes. In the language of its able counsel, "the physical development need not be confined to the four walls of its city building, but can properly be carried on at a camp." The use of, as well as the necessity for, this property is not unlike that of an athletic field owned and used by a college. It would hardly be seriously contended that because a college has a well equipped gymnasium its athletic field is not "necessary for the occupancy and enjoyment of" the *Page 519 
institution. The fact that the camp is not used during the whole year does not deprive it of exemption from taxation. What was said in Penna. Hospital v. Delaware Co., 169 Pa. 305, is, with slight modification, applicable here: "It is true that such use is limited to the months of pleasant weather, in the summer and autumn, but this does not make it temporary. So far as appears the farms are regularly and permanently devoted to that purpose (hospital purposes), though from its nature its enjoyment is only practicable during part of the year...... It is the character of the use, not the amount of it, that determines the right to exemption." It being agreed that the whole property is used as a recreation camp, the fact that a part of it is used to raise truck for the table, does not deprive that part of exemption. Such use is merely incidental and not income producing in any proper sense: House of Refuge v. Smith, 140 Pa. 387. Property which is used directly for the purposes and in the operation of the charity is exempted, though it may also be used in a manner to yield some return and thereby reduce the expenses: Penna. Hospital v. Delaware Co., supra; U. of P. Christian Ass'n. v. Phila., 75 Pa. Super. 516. It would serve no useful purpose to review the cases dealing with the familiar subject here involved. Those cited by the court below to sustain his conclusion are readily distinguishable on their facts. Penna. Hospital v. Delaware Co., supra, rules this case and requires a reversal of the judgment.
The judgment is reversed and here entered for appellant.