## Appeal of the Home of Industry for Discharged Prisoners

*Acker, Manning & Brown,* for appellant.

*M. R. Longstreth, D. J. Smyth* and *Robert von Moschzisker,* contra.

LAMBERTON, J., January 15, 1935. — This is an appeal by The Home of Industry for Discharged Prisoners under the Act of April 19, 1889, P. L. 37, from assessment for real estate taxes for the years 1929 to date, appellant con-

340

tending that the property in question is wholly exempt from taxation under the provisions of the Act of July 17, 1919, P. L. 1021, and the Act of May 22, 1933, P. L. 853.

## Discussion

The city concedes that appellant is a charitable institution within the meaning of the acts granting exemption from taxation. The question at issue is whether the lot in question is "necessary for the occupancy and enjoyment of the same" as required by these acts. The law is well settled that "The word 'necessary' as used in the statute does not mean 'absolute necessity,' but rather a 'reasonable necessity,' 'convenient and useful' to the purpose of the charity": County of Lancaster v. Y. W. C. A. of Lancaster, 92 Pa. Superior Ct. 514, 518. The law is equally well settled that where farming is conducted in connection with a charitable institution for the sole purpose of supplying food to the inmates, the land under cultivation is not "necessary" and is therefore not exempt from taxation: Sisters of the Blessed Sacrament, 38 Pa. Superior Ct. 640. But on the other hand, where the farming itself is an integral part of the charitable purpose, the land under cultivation is exempt: House of Refuge v. Smith et al., 140 Pa. 387.

In this case, if the only use of the land in question was to supply eggs, poultry, and food to the inmates, there would be no exemption from taxation. But we believe that the most important use to which it is put is that of testing the willingness of new inmates to work, and as this is an essential part of the charitable purpose the land should be exempt.

There is a large turnover at the institution in question. Inmates come and inmates go. Some are honestly desirous of securing work and of earning an honest living. Others are bent on returning to their evil ways and are not willing to do hard work. The most noble purpose of the institution in question is to secure employment for these unfortunate men. It is necessary that the superintendent know the qualities of the men whom he is recommending for employment. Mere conversation or light work does not provide the test, but a few hours of back-breaking digging will generally weed the sheep from the goats. We have, therefore, no doubt that this small piece of ground is essential and therefore "necessary" for the purpose of the institution.

Appellant acquired this property on July 30, 1929. No appeal was taken to the Board of Revision of Taxes until August 1932. This was too late to have any effect upon the assessments for the years 1929, 1930, 1931, or 1932. The exemption for taxation can, therefore, apply only to the year 1933 and succeeding years, so long as the use of the property continues the same.

## Decree nisi

And now, to wit, January 15, 1935, upon consideration of the foregoing facts it is ordered, adjudged, and decreed as follows:

1. The appeal is sustained, and the property in question declared exempt from taxation for the year 1933 and subsequent years, so long as the use remains the same.

2. The appeal is dismissed as to all years preceding 1933.

The prothonotary is directed to enter this decree nisi and to give notice thereof to the parties or their counsel of record.