## Lycoming House *v.* Board of Revision of Taxes of the City and County of Philadelphia, Appellant.

Argued March 22, 1949. Before RHODES, P. J., HIRT, RENO, DITHRICH, ARNOLD and FINE, JJ. (ROSS, J., absent).

*Joseph H. Lieberman,* Solicitor for Board of Revision of Taxes, with him *Michael D. Hayes,* Assistant City Solicitor and *Frank F. Truscott,* City Solicitor, for appellant.

*Harold B. Bornemann,* with him *Schnader, Harrison, Segal & Lewis,* for appellee.

OPINION BY DITHRICH, J., July 15, 1949:

Lycoming House, a charitable institution, filed an application for exemption from taxation of a property comprised of approximately eleven acres located on

School House Lane, west of Wissahickon Avenue, in the City of Philadelphia. The property was formerly the home of William J. Turner, a member of the Philadelphia bar, who died December 2, 1943. He bequeathed the property for which exemption is claimed, together with his entire residuary estate, to a charity which he directed to be incorporated under the name of "Lycoming House," for the purpose of maintaining and operating thereon "a retreat or home for aged and needy gentlewomen." Until the death of Turner, it was used exclusively as his residence and has since been used solely for the charitable purpose for which it was bequeathed.

A two and one-half story dwelling, suitable for the accommodation of six guests, in addition to the necessary staff for the home, a garage, stable, and various outbuildings are on the property. The buildings occupy about one and one-half acres and the rest of the land is adapted and devoted to lawns, flower gardens, vegetable gardens, an orchard, and a woodland. All of the vegetables and fruit produced on the land are consumed by the guests and the staff. Logs and kindling from the woods are used for the fireplace and kitchen range. A ravine to the rear of the acreage is used for the dumping of ashes. It is all part of an integral estate located in a strictly high-class residential section of Philadelphia. In addition to the utilitarian purpose which it serves, the woodland affords a means of recreation and exercise for the guests along the many walks and paths laid out by the donor.

The Board of Revision of Taxes reduced the taxable assessment from $82,500 to $60,000. On appeal the Court of Common Pleas granted a total exemption, exceptions to which were heard and dismissed by Court No. 2 sitting en banc. The hearing judge found as a fact that "The grounds are annexed to the dwelling house, are an integral part of the institution and are necessary for the occupancy and enjoyment thereof,"

and concluded that "The property . . . is exempt from taxation under the aforesaid Act of [May 22] 1933 [P. L. 853, as amended by §204 of the Act of May 3, 1943, P. L. 158, 72 PS §5020-204]."

As stated in the opinion of GORDON, JR., P. J., for the court en banc:

"Factually there is no real dispute in the case, and the question resolves itself into whether the Board was justified in granting an exemption to a part of the land only, and refusing it as to the rest, because, in its opinion, the unexempted portion was unnecessary to the prosecution of the activities and purposes of the complainant charity within the meaning of Sub-section C of Section 204 of the Act, which exempts from County taxes the property of

'All . . . institutions of . . . charity, with the grounds thereto annexed and necessary for the occupancy and enjoyment of the same, founded, endowed and maintained by public or private charity: Provided, that the entire revenue derived from the same be applied to support and to increase the efficiency and facilities thereof, the repair and the necessary increase of grounds and buildings thereof, and for no other purpose; . . .'

"The defendants admit that Lycoming House, a duly chartered charitable corporation, is a purely public charity within the meaning of the Constitution, and is entitled to whatever exemptions from taxation are granted to such institutions by the Laws of this Commonwealth. . . .

"The entire tract as . . . developed and used by Mr. Turner in his life time, constitutes a cohesive unit, or plant, the different parts of which contribute directly and substantially, by their varied activities, to the operation, maintenance and enjoyment of the place as a home in which to live in comfort, happiness and contentment. The whole product of the plant is enjoyed or consumed, in one form or another, by the institution and

its inmates, and hence it cannot be fairly said that any part of the eleven acres devoted to this charity is lying fallow or unproductive. It is not for the Board of Revision of Taxes, nor for the Court, to question the nature, direction and extent of a charitable donor's generosity, or to attempt, under threat of taxation, to compel a charity to conform in its operations to their ideas of what is necessary or sufficient for the recipients of its bounty. As was said by the Superior Court in United Presbyterian Women's Association of North America vs. The County of Butler, et al., 110 Pa. Sup. Ct. 116: 'It is not for the courts to substitute their judgment for that of the governing Board on the question of what grounds are necessary' for proper functioning of the charity. Yet the assumption that the Legislature intended, by the use of the word 'necessary' in the Act, to confer such a power upon the Board of Revision lies at the root of the City Solicitor's defense of the Board's action in this case, when he asserts, in summarizing his argument, 'that the normal requirements of this charity, caring for elderly gentlewomen, could not envision the use of more than a house with sufficient land about it for light, air and exercise'. Such a standard would tend to restrain the charitable impulses of men and place a curb upon their generosity.

"We confess to great difficulty in following this reasoning and its obvious implications. In effect, it asks us to determine how many square feet of lawn is sufficient, or 'good enough', for the use and enjoyment of 'needy gentlewomen', and that more would be an unnecessary extravagance; that such persons do not need a few acres of woods to stroll through and from which to secure kindling and logs to warm and cheer their house; and that the fresh products of the garden, or 'farm', are more than they have a right to expect or charity to give. Such questions we have neither the power to decide, nor would we be inclined to so hold

under the facts in the present case. The fallacy of the defendants' contention springs, it is apparent, from a misconception of the meaning of the word 'necessary' as used in Section 204 (C) of the Act . . . The ultimate test of the taxability of the real estate of a charity lies in a determination of the use to which it is being put. If it is being employed as a means of acquiring revenue, or is merely being held as an idle and unproductive asset, it cannot be said to be necessary to the charitable activity, and is not entitled to exemption from taxation. On the other hand, if the property sought to be taxed is actually and principally used in the charitable activity, it is necessary within the meaning of the Act, and is exempt. This distinction is clearly drawn by Mr. Justice MITCHELL in Contributors to Pennsylvania Hospital vs. Delaware County, 169 Pa. 305, 308, 32 A. 456, in which he said: 'Property which is not used directly for the purposes and in the operation of the charity, but for profit, is not exempt, and the devotion of the profit to the support of the charity will not alter this result. Of this class of cases American Sunday School Union vs. Philadelphia, 161 Pa. 307 [29 A. 26], is the exemplar and authority. But property which is used directly for the purposes and in the operation of the charity is exempt, though it may also be used in a manner to yield some return and thereby reduce the expenses: Donohugh's App., 86 Pa. 306; Phila. vs. Penna. Hospital for Insane, 154 Pa. 9 [25 A. 1076]; House of Refuge vs. Smith, 140 Pa. 387 [21 A. 353]'."

The board places considerable reliance on *Sisters of the Blessed Sacrament,* 38 Pa. Superior Ct. 640, where this Court in a four-three opinion held that land owned by a charitable corporation and used solely for tillage and pasturage in order to provide food for the inmates of the institution was subject to taxation. But that case is clearly distinguishable from the instant case on the

facts. As stated in the opinion by HENDERSON, J., pages 641, 642:

"The land which is the subject of the assessment complained of . . . containing twenty-two acres, . . . was acquired several years after the organization of the institution. . . . The charity had existed for years before the land was purchased, and if the farm were sold its object could still be prosecuted without impairment of its efficiency. It would be necessary to procure the supplies obtained from the farm from some other source, but the school, the convent, the lawn, the orchard and all the appurtenances now or heretofore used for school purposes would remain. That the product of the farm operations is devoted to charity does not affect the result. *It is a business enterprise carried on in aid of the institution and profitable to it.*" (Italics supplied.) Cf. *The United Presbyterian Women's Association of North America v. The County of Butler,* 110 Pa. Superior Ct. 116, 167 A. 389.

Here, the court found as a fact that "No income is derived from the property and the entire revenue of Lycoming House is devoted exclusively to the maintenance of the guests and the repair and upkeep of the grounds and buildings." There is no evidence that sufficient food for the guests and the staff could be provided if the necessary vegetables and fruit were not raised on the land. What this Court said in *County of Lancaster v. Y. W. C. A. of Lancaster,* 92 Pa. Superior Ct. 514, 516, is much more applicable here: "The vegetables, fruit and other produce raised on the property have been used in feeding the guests and visitors" who, incidentally, were charged for their meals and lodging. The Court concluded, page 519: "It being agreed that the whole property is used as a recreation camp, the fact that a part of it is used to raise truck for the table, does not deprive that part of exemption. Such use is merely incidental and not income producing in any

proper sense: House of Refuge v. Smith, 140 Pa. 387 [21 A. 353]."

Decree affirmed.