## Academy of Natural Sciences of Philadelphia v. City of Philadelphia

*Lewis H. Van Dusen, Jr.*, for plaintiff.

*Abraham L. Freedman*, city solicitor and *Augustus R. Sigismondi*, assistant city solicitor, for defendants.

WEINROTT, J., May 9, 1955.—Plaintiff, the Academy of Natural Sciences of Philadelphia, filed a complaint in equity against the City of Philadelphia, the School District, the Board of Revision of Taxes and its members, and the Commissioner of Revenue of the City of Philadelphia, defendants, praying for an injunction restraining defendants from collecting taxes on a certain newly acquired parcel of land adjoining its main acquisition of long standing.

A hearing was had before our late President Judge Frank Smith, who filed an adjudication granting the prayer of plaintiff's complaint. Defendants filed exceptions thereto and the court en banc sustained defendants' exceptions. This matter is now before the court on plaintiff's petition for reargument.

Judge Smith found that the Academy of Natural Sciences of Philadelphia was incorporated in 1817 as a society for the encouragement and cultivation of the sciences, and as a society devoted entirely to the advancement of useful learning; that thousands of school children come to this institution for classroom instruction; that the academy has two full-time teachers, one of whom is furnished by the Philadelphia School District and is under its supervision; that it also has a number of part time instructors and lecturers; that the academy offers a college credit course to university students, and other courses which are offered to adults; and that the academy is a public charity which is exempt from taxation.

The main building of the academy is located on a lot of ground bounded by Race Street on the north, Nineteenth Street on the east and Cherry Street on the south. In November 1953, the academy acquired the adjoining parcel of land to the west of a width of 59 feet on Cherry Street and extending northward ap-

proximately 144 feet, and lying contiguous to the other property owned and used by the academy. The new acquisition at present is unimproved and is used as a parking lot for the scientists, teachers and other employes and visitors of the academy from whom no rent, revenue or other income is derived by the academy.

The lot is entered by a gate facing Cherry Street and 12 cars belonging to persons employed by the academy are parked thereon. The American Society for Testing Materials maintains a small parking lot for its employes adjacent to the parking lot of the academy. Both lots are surrounded by the same fence and are entered through the same gate which is approximately centered on the boundary line between the two lots. The employes of the American Society for Testing Materials park their cars on different parts of the said general lot, including the lot of the Society for Testing Materials as well as the lot of the said academy.

The board of trustees of the academy acquired the adjoining lot for the purpose of erecting additional buildings and to furnish additional means of ingress and egress for the academy's property particularly for the library, the present means being inadequate. There is a large parking lot of a commercial nature across the street on Nineteenth Street to the east, but the trustees believe that it is the duty of the academy to furnish free parking facilities for their employes and those attending and visiting at the institution.

Defendants filed exceptions to the adjudication, excepting, inter alia, to the court's failure to find:

1. That no physical barrier or separation existed between the two lots, and

2. That a regular, consistent, intermixed use of both lots was made by the employees and visitors of the American Society for Testing Materials and those of the academy.

Both of these exceptions were sustained by the court en banc. However, all other exceptions to the findings of fact and the failure to find certain facts were overruled.

The court en banc decided that the present use of the newly acquired parcel of ground as a parking lot for the employes of the academy where there is a public parking lot across the street and ample transportation facilities in the immediate neighborhood, is not one that is immediately necessary for the occupancy and enjoyment of the academy; also, that the fact that the trustees contemplate building on this parcel of ground at some future date does not constitute present use, and the intention to so use it can only entitle it to exemption under the law at such time as the use actually exists. The court, therefore, concluded that the parcel of ground in question was not exempt from taxation.

It is clear that the Academy of Natural Sciences of Philadelphia is a purely public charity within the meaning of the Constitution and is entitled to whatever exemptions from taxation which are granted to such institutions by the laws of this Commonwealth. The principal issue now before this court on reargument is whether adjacent land may be exempted from taxation as necessary for the occupancy and enjoyment of a charity where the land is used solely as an automobile parking lot.

Section 204(c) of The General County Assessment Law of May 22, 1933, P. L. 853, as amended, exempts from county tax the property of "all . . . institutions of learning . . . or charity, with the grounds thereto annexed and necessary for the occupancy and enjoyment of the same, founded, endowed, and maintained by public or private charity; Provided, that the entire revenue derived by the same be applied to the support and to increase the efficiency and facilities thereof,

the repair and necessary increase of grounds and buildings thereof, and for no other purpose". The General County Assessment Law further provides that all property other than that which is in actual use and occupancy for the purpose specified shall be subject to taxation.

The word "necessary" as used in the statute does not mean an absolute necessity but rather a reasonable necessity or what is convenient and useful: Lycoming House v. Board of Revision of Taxes, 164 Pa. Superior Ct. 538. The ultimate test of the taxability of the real estate of a charity lies in a determination of the use to which it is being put. If it is being employed as a means of acquiring revenue, or is merely being held as an idle and unproductive asset, it cannot be said to be necessary to the charitable activity, and it is not entitled to exemption from taxation. On the other hand, if the property sought to be taxed is actually and principally used in the charitable activity, it is necessary within the meaning of the act and is exempt: Lycoming House v. Board of Revision, supra.

Furthermore, it is not for the courts to substitute their judgment for that of the governing board on the question of what grounds are necessary for proper functioning of the charity: The United Presbyterian Women's Association of North America v. The County of Butler et al., 110 Pa. Superior Ct. 116.

The newly acquired land adjacent to the academy is being used as a free parking lot for automobiles of visitors and employes of the academy. Free parking facilities have come to be recognized as an important and proper accessory use of land: D. B. S. Building Assn. v. Erie et al., 177 Pa. Superior Ct. 487. Particularly is this so in heavily congested traffic areas such as those in the center of the city and, indeed, that in which the academy is located. Efficient, modern commercial enterprises now provide adequate free parking

areas as a necessary adjunct of their site. Adequate free parking facilities are certainly as important to a public charity as they are to a business. It is not for the Board of Revision of Taxes nor for the court to question the nature, direction or extent of a charitable donor's generosity or to attempt under threat of taxation to compel a charity to conform its operations to their ideas of what is necessary or sufficient for the recipients of its bounty: Lycoming House v. Board of Revision of Taxes, supra. Therefore it is no answer to the question, as defendants contend, that there are adequate means of public transportation to the academy and that there is a commercial parking lot nearby. Any interpretation of the act which would permit a property actually used in charitable work to be denied exemption because the local taxing authorities were of the opinion that its use was not essential to the work being done, would open the door to arbitrary and discriminating control of every charity by the tax collector and would destroy the uniformity in taxation required by article IX, sec. 1 of the Constitution. No such legislative purpose is to be gathered from the act and we can see no sound reason for reading it into the legislation: Lycoming House v. Board of Revision, supra.

Defendants rely upon the case of the First Baptist Church of Pittsburgh v. Pittsburgh et al., 341 Pa. 568, for the proposition that the use of an adjoining tract of land as a parking lot is not such a use as would exempt it from taxation. This case may be distinguished from the instant case on several grounds. In the First Baptist Church case the religious organization utilized only one third of the lot for parking purposes and the balance of the land was not used for any purpose. Then, too, a stricter rule is applicable to churches since the exemption applies only to actual places of religious worship. The case does not hold

that the use of the adjacent land for a parking lot is not necessary for the enjoyment of the church organization.

Defendants also emphasize the fact that the lot adjacent to the academy is not policed and that there are no physical barriers or separations between the two parking lots, thus permitting access to anyone who wishes to park there. The evidence does not support this argument. While visitors and employes of the American Society for Testing Materials may sometimes park their cars on the academy's side of the parking lot, there is no evidence of regular and consistent intermixed use of both of the lots. The president of the board of trustees of the academy testified that it is probable that employes of the American Society for Testing Materials may sometimes park their cars on the academy side of the lot. The fact that the lot has no physical barrier or separation does not affect the claim of plaintiff that the land is necessary for its enjoyment and occupation. Nor does the fact that it is not policed weigh heavily, for it may be true that on any private parking lot there will be trespassers. Actually the fact that this particular lot has no physical barrier or separation and that the entrance thereto is had by a common gate may make for fuller utilization of the area for parking purposes.

Applying the ultimate test of taxability, it is clear that the adjacent land of the academy is actually and principally used in the charitable activity, that it is necessary within the meaning of the act and is exempt. In the Lycoming House case, which was decided by the late Judge Gordon in 64 D. & C. 42 (affirmed by the Superior Court, supra), the charity occupied a large tract of land on which they conducted a home for aged persons; the home was situated on 11 acres and to the rear was a patch of woods where paths were laid out for the use and enjoyment of the occupants

of the home; the woods were also used to furnish kindling for the home. It is our opinion that the use to which the woodland was put, in the case of the charity there involved, was not as great nor as necessary to that operation as is the free parking lot to the functioning of The Academy of Natural Sciences. We believe the Lycoming House case to be the most recent and significant utterance on the interpretation of section 204(c) of The General County Assessment Law, as amended. Since the court finds the property to be exempt on the ground of the use of the same as a parking lot, it is unnecessary to consider the argument that the mere acquisition of the land and the holding of it for the protection of existing buildings and grounds is sufficient to justify an exemption from taxation.

### Final Decree

And now, May 9, 1955, upon consideration of plaintiff's petition for reargument of defendants' exceptions, it is ordered, adjudged and decreed that the present assessment of and the levying of such taxes by defendant city and school district against plaintiff's property aforesaid is hereby adjudged null and void and the property in question is hereby adjudged exempt within the meaning of the tax exemption laws.