## Gallagher v. State Farm Automobile Insurance Co.

*Perry J. Shertz*, for plaintiff.

*Charles L. Casper*, for defendant.

SCHIFFMAN, J., February 27, 1962. — This case comes before the court in an action of assumpsit in a case stated. The action involves the question of recovery on two insurance policies for funeral expenses of Charles E. Gallagher, deceased, under the policy terms.

Coverage C of each of the policies upon which suit is brought reads as follows:

"*To pay reasonable expenses* incurred within one year from the date of the accident for *necessary* medical, surgical, x ray, dental, ambulance, hospital, professional nursing, and *funeral services*, eye glasses, hearing aids and prosthetic devices to or for each person who sustains bodily injury, caused by accident, while occupying or through being struck by the automobile, provided the automobile is being used by the

named insured or his spouse, if a resident of the same household or with the permission of either." (Italics supplied.)

The parties had agreed that certain of these items are "necessary" funeral expenses within the meaning of coverage C. The items thus agreed upon are casket and services, vault liner, hearse, opening and closing grave, church mass, funeral service, transportation of body and funeral plot.

The parties, however, failed to agree whether the other items, without reference to the amounts spent for each, are *"necessary funeral expenses"* within the meaning of the policies. These items, not agreed upon, and which are in issue before us are *flower car, seven passenger car, clothing consisting of slippers and suit, flowers, tombstone, vocalist at mass and two passenger cars.*

The question submitted for our consideration is whether or not the items in the preceding paragraph as not agreed upon are *"necessary funeral expenses"* within the meaning of coverage C of the aforesaid policies.

*We note that we are asked to determine exclusively the items in issue without reference to their amounts.* This is of interest, because exorbitant or excessive amounts could remove any item from the category of "necessary funeral expenses." However, our consideration is based upon the consideration of the items in accordance with the stipulation of the parties.

The rule that an insurance policy is to be construed most strongly against the insurer is inapplicable in the interpretation of a writing, the meaning of whch is clear and unmistakable: Ehrlich v. United States Fidelity and Guaranty Company, 356 Pa. 417, 423. We must preliminarily determine, therefore, if the words involved are clear and unambiguous. If so, it is our duty to construe the contract as a matter of law.

We do not believe, however, that the word "necessary" as herein used is clear and unmistakable. Plaintiff contends that the word "necessary" is susceptible of several definitions such as "convenient and useful" (County of Lancaster v. Y.W.C.A. of Lancaster, 92 Pa. Superior Ct. 514, 518), or "reasonably convenient" (Reeser v. Philadelphia & Reading Railway Company, 215 Pa. 136, 139), or "occasion for" (Pocopson Road, 16 Pa. 15). A strong argument is also made for the conclusion that the word "necessary" means "desirable and appropriate."

Defendant, on the other hand, urges that the word "necessary" as defined in Webster's New Collegiate Dictionary (C. & C. Merriam Co.), means "essential to an end or condition" or "indispensable." Defendant further contends that the word not be considered in vacuo but in context.

We must be mindful that our function is not to relieve parties from their contractual undertakings by a rule of construction. However, we do have responsibility for the construction of terms under certain circumstances. The Ehrlich case, supra, indicates the construction of doubtful, uncertain, ambiguous language is for the court.

The definition variations and meaning set out above clearly indicate that the word "necessary" as used in the instant policy does not have a clear and unmistakable meaning so as to preclude us from interpreting its meaning as used here. We, therefore, must determine what is meant by this term as used in the policy here under consideration. Which, if any, of the disputed items are embraced within the terms "expenses for . . . necessary funeral services."

We are of the opinion that the word "necessary" as used in context does not require an absolute physical necessity. Nor does it mean indispensable. Chief Justice Marshall in McCullough v. Maryland, 17 U. S.

316, 413, 414 (4 Wheaton), wrote as follows concerning the meaning of the word: .

"Does it [the word "necessary"] always import an absolute physical necessity, so strong, that one thing, to which another may be termed necessary, cannot exist without that other? We think it does not. If reference be had to its use, in the common affairs of the world, or in approved authors, we find that it frequently imports no more than that one thing is convenient, or useful, or essential to another. To employ the means necessary to an end, is generally understood as employing any means calculated to produce the end, and not as being confined to those single means, without which the end would be entirely unattainable."

The courts of the Commonwealth have held "necessary" does not import an absolute necessity but rather a reasonable necessity, convenient and useful to the purpose as we have seen above and in the following cases: Second Church of Christ Scientists of Philadelphia v. Philadelphia, 189 Pa. Superior Ct. 579, 587; County of Lancaster v. Y.W.C.A. of Lancaster, supra; First Baptist Church of Pittsburgh v. Pittsburgh, 341 Pa. 568, 576.

In the course of human affairs, we feel this interpretation is practical and reasonable. We are inclined toward this conclusion rather than the more inflexible one urged by defendant. We are also of the opinion that this contract of insurance is to be read in the event of any ambiguity in its language in the light most strongly supporting the insured: Weissman v. Prashker, 405 Pa. 226, 233; Cadwallader v. New Amsterdam Casualty Company, 396 Pa. 582; Dzurko v. Pilot Life Insurance Company, 195 Pa. Superior Ct. 267, 270.

In the light of this interpretation, we must consider the items involved. We believe the clothing consisting of a suit and shoes are generally, and by common usage,

furnished as part of the funeral. Our courts have held that grave clothes for the deceased are reasonable and necessary and thus a proper funeral expense: France's Estate, 75 Pa. 220. We feel that this item may be included within our interpretation of "necessary."

Our courts have given some latitude to expenses preceding the physical disposal of the body. Transportation of relatives and friends have been allowed as a proper funeral expense: Harding's Estate, 7 Dist. R. 679. We are of the opinion that a seven-passenger car to transport mourning members of the family is a reasonable necessity.

We believe proper religious ritual to be an essential part of the funeral itself. Our courts have been cognizant of the importance of religious services. They have made allowances in connection with the religious services as a proper funeral expense: Nolde's Estate, 27 Pa. Superior Ct. 413; Kliste Estate, 17 Luz. 249; Miller's Estate, 18 Dist. R. 216. We feel that a vocalist at a Requiem Mass of the church to which decedent belonged may properly be embraced within our interpretation of "necessary."

As to the expense for flowers, it has been held that money paid by an executor for a floral tribute for testator's funeral will be allowed: Kupp's Estate, 15 Berks 89. We are of the opinion that, within the bounds of propriety, flowers are a significant part of the funeral itself. We, therefore, conclude that the flowers and the flower car involve expenses for ". . . necessary funeral services." Of course, this concept of "necessary," as well as the other items mentioned, does not denote compulsion or absolute physical necessity. Rather, it is embraced within the concept of a reasonable necessity.

With particular reference to the tombstone, an eloquent statement that this item constitutes a reasonable necessary funeral expense is expressed in Kotal v.

Goldberg, 375 Pa. 397, 404. Justice Musmanno stated:

"We do not see why a modest tombstone should not be regarded as a legitimate part of funeral expenses. What else is it? A tombstone is an integral part of the sacred ritual of burial. If it is to be said that there is no absolute need for a tombstone, it can be argued that there is no imperative necessity for a casket. . . . Today no cemetery is without tombstones, no grave remains unmarked. . . . It is unthinkable today that anyone should be confined to the earth, without a shaft, big or small, naming him who had departed forever from his mourning kin and friends. . . ."

In a concurring opinion in the same case, Justice Bell, now Chief Justice, stated:

"Today a tombstone or suitable marker is almost universally regarded, for sentimental and religious reasons, as an important and necessary personal or family identification monument and as an integral part of the sacred ritual of burial. In deference to the deeply ingrained feelings and the immemorial customs of our people and in accordance with a wise public policy, I would hold that the reasonable cost or expense of a suitable tombstone or marker may be properly allowed as part of 'funeral expenses' under the Wrongful Death Act."

We thus believe the tombstone involves an expense for necessary funeral services.

We distinguish the expense for the two passenger cars from the previous items. We have herein included the expense of a family passenger car and flower car as necessary items. We are unable to conclude that the two passenger cars also are an expense for ". . . necessary funeral services."

To employ a strict construction of "necessary" could conduce toward the casket and the opening and closing of the grave as the only necessary items. With this, we cannot agree. We believe proper religious ritual

to be essential. We believe there are other items which reasonably comprise an integral part of the funeral itself. We have endeavored to classify these items in accordance with the true intent of the parties.

We are of the opinion that defendant, through language of its own choice, has undertaken a duty to pay the claim of plaintiff presented herein for the seven-passenger family car.

In accordance with the above findings and the stipulation of record, we enter the following

### Order

Now, therefore, February 27, 1962, at 10 a.m. (E. S. T.), it is ordered and decreed that judgment be entered in favor of plaintiff and against defendant in the amount of $1,012.96, plus interest from February 8, 1960.