Hawk Mountain Sanctuary Association, Appellant, v. Berks County Board for the Assessment and Revision of Taxes.

Argued September 15, 1958. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Louise F. McCarthy,* with her *John W. Biehl,* and *McFadden, Riskin, McCarthy and Holland,* for appellant.

*Harry R. Matten,* County Solicitor, for appellee.

OPINION BY GUNTHER, J., November 14, 1958:

This appeal is from a decree of the Court of Common Pleas of Berks County dismissing a petition to place the real property of Hawk Mountain Sanctuary Association on the list of properties exempt from taxation. The sole issue is whether the association is entitled to have its property exempted.

The purpose for which the association was organized is the following:

"The object of this corporation shall be to create a sympathetic understanding for birds and wild life, to provide a means of educating the public relative thereto and to establish and maintain parks, preserves and other places where birds and wild life may be protected, encouraged and permitted to live without molestation. The corporation shall not contemplate pecuniary gain or profit, incidental or otherwise, to any of its members."

In 1938 the association acquired 1418 acres by virtue of gifts made by persons interested in the objectives of the association. Since the acquisition of the land many improvements were made including the erection of a building valued at $32,000.

Two-thirds of the area is used solely for providing a sanctuary for hawks. Admission to the grounds is 25 cents for adults and 15 cents for children. Members pay dues of $2.00 or more. The curator of the sanctuary and other interested persons deliver lectures from time to time on conservation and natural history.

The lower court made Findings of Fact, and concluded as follows:

1. Plaintiff is not an institution of learning, benevolence or charity within contemplation of the law relative to exemption of property from local real estate taxes.

2. Plaintiff is not an institution of purely public charity.

3. Costs shall be paid by plaintiff.

We are requested to pass upon the question whether the lower court sitting in equity concluded correctly that the corporation appellant in this case is not such an institution of learning and a purely public charity as to be entitled to exemption from real estate taxation.

The property was acquired for the purpose of preventing the shooting of hawks; all other educational interests are secondary to this purpose. Two-thirds of the property is used for the sanctuary. As to the educational feature the testimony discloses that there are no regularly scheduled classes of instruction, no curriculum and no student body. The curator and his assistants are there to maintain the real estate and to prevent the destruction of hawks and other wild life. Appellee contends that this closely held corporation, controlled by seven people, could acquire land in half the township and request exemption of it all on the theory that it is necessary to prevent the killing of hawks. Appellant relies on *Hill School Tax Exemption Case*, 370 Pa. 21, 87 A. 2d 259. The distinction,

however, lies in the fact that the Hill School is a full time academic institution while the program of appellant is limited and dissimilar to the curriculum in the *Hill* case. Plaintiff is not controlled, regulated or subject to regulation or inspection by the Commonwealth of Pennsylvania. An essential element of public charity is the right of public visitation. See *Delaware County Institute of Science v. Delaware County,* 94 Pa. 163. In some respect plaintiff's purpose and program are inconsistent with the policy and laws of the Commonwealth. The Act of June 3, 1937, P. L. 1225, art. VII, section 726, 34 PS section 1311.726, provides that hawks, among certain other birds, may be killed at any time—when, caught in the act of destroying domestic livestock, poultry, game, or other protected birds, their nests or young, or fish in private rearing ponds, or to prevent such killings immediately following such destruction.

We agree with the lower court that plaintiff's activities may be approved by many advocates of the hawks but this purpose does not warrant an exemption of real estate as a public charity. The chancellor and the court en banc found that the corporation is not an institution of learning of purely charitable character as to entitle it to exemption from real estate taxation. We have found no facts, reasons or authority in the record inconsistent with the findings of facts and conclusions of law of the court below.

The order is affirmed.