## Butler City Hunting and Fishing Club Appeal

*Galbreath, Braham, Gregg & Kirkpatrick,* for appellant.

*Willis A. MacDonald,* county solicitor, for appellee.

SHUMAKER, P. J., April 22, 1959.—This matter is before the court on an appeal from the action taken by the Butler County Board of Revision of Taxes and Assessment which refused to exempt for tax purposes the land and buildings of the Butler City Hunting and Fishing Club, which property is located partly in East Butler Borough and partly in Summit Township, both in Butler County.

While this appeal was not taken within the time prescribed by law, this court did issue a rule on the county commissioners, acting as the Board of Assessors of Butler County, and the chief assessor of the county, to show cause why the appeal should not be allowed and said rule was later made absolute.

A full and complete hearing in the matter of the appeal was held and the notes of testimony there taken have been transcribed and filed as part of the record.

We proceed to decide this very controversial matter of whether or not the real estate of this hunting and fishing club should be removed from the tax rolls as property exempted from the levying of taxes.

The Butler City Hunting and Fishing Club is a nonprofit organization, duly incorporated under the Nonprofit Corporation Law of May 5, 1933, P. L. 289, by decree of this court of common pleas dated December 19, 1947, and filed in the Prothonotary's Office of Butler County at Ms. D. No. 8, March Term, 1948, and has its charter recorded in the office of the Recorder of Deeds in Butler County in Charter Book 8 at page 517.

The Butler County Board of Assessment and Revision of Taxes, respondent in this case, was established under the provisions of The Fourth to Eighth Class County Assessment Law of May 21, 1943, P. L. 571, 72 PS §5453.101, et seq.

The Butler City Hunting and Fishing Club, as a nonprofit organization, is the owner of approximately 79 lots in the Butler Land Improvement Company plan, having a total area of approximately 10 acres, all being situate in the Borough of East Butler, and also is the owner of two tracts of land situate in Summit Township, one being a 65-acre tract and the other containing 6.04 acres. The title to this land was vested in the Butler City Hunting and Fishing Club by deeds recorded in Butler County in Deed Book 595, page 78, Deed Book 598, page 175, Deed Book 693, page 413, and Deed Book 623, page 271. On a portion of said tracts buildings have been erected.

Prior to 1957 neither this land nor the buildings thereon was assessed for tax purposes and the same does not appear in the assessment books of Butler County from the time of its acquisition by the club up to the year of 1957.

Sometime during the year of 1957 the Chief Assessor for Butler County assessed said property and entered the same in the assessment dockets which assessments are as follows:

East Butler Borough:
|  |  |  |
|---|---|---|
| (a) 79 lots or 10 acres | | $ 200.00 |
| (b) 1 lot | | 50.00 |
| | Total | $ 250.00 |

Summit Township:
|  |  |  |
|---|---|---|
| (a) 65 acres | | $1,000.00 |
| (b) 6.04 acres | | 150.00 |
| (c) buildings | | 1,750.00 |
| | Total | $2,900.00 |

It is from this assessment, the assessment for the year 1958 and the fact that this property is no longer considered by the taxing authorities as exempt from taxation, that this appeal now before this court is taken.

The physical property of petitioner, in addition to the foregoing land, consists of an administration building, club house, lake, ski facilities, archery course, pistol and rifle ranges, picnic and play areas.

Among the activities of petitioner are the following:

(a) A senior rifle club composed of its members and maintaining a winter range in the basement of Crawford's Jewelry Store in the City of Butler and a summer range on the Summit Township acreage.

(b) A boys' junior rifle and archery team and a girls' junior rifle and archery team.

(c) A junior conservation school composed of juvenile delinquents and a program to combat juvenile delinquency.

(d) Maintenance of a pond for fishing for seniors and juniors.

(e) Feeding, game propagation and wild life conservation programs.

(f) Sponsoring wild life exhibits at farm shows.

(g) Sponsoring stream purification programs.

(h) Maintenance of picnic and recreation areas for its membership and others.

Although the general public may use the picnic and recreation area established on appellant's ground, there are no signs designating the area as a public park, and it is not advertised as such.

All membership fees and other funds raised by The Butler City Hunting and Fishing Club go into its treasury to further the program of the club.

Admission to the Hunting and Fishing Club organization is governed by membership and the payment of annual dues and the organization has the right to

expel or restrict its members. No distinction is made as to race, color or creed in its membership or in its activities.

A major portion of the programs and activities of petitioner are carried on outside of its grounds in East Butler and Summit Township.

The corporate purpose of the Butler City Hunting and Fishing Club is set forth in its charter, as recorded in Charter Book 8, page 517, as follows:

"That said corporation is formed for the purposes of providing a suitable place for meeting and necessary facilities for keeping equipment; for the transaction of the business of the Club; for uniting and binding together those interested in hunting and fishing in the City of Butler and vicinity in Butler County, Pennsylvania, and for creating more friendly relationship between fellow sportsmen in other parts of Butler County; to work for and encourage proper legislation and regulations relative to hunting and fishing, and to discourage proposed legislation which will materially detract from said sports; to promote the sports of hunting and fishing and to foster greater interest in hunting dogs; to promote a better feeling of sportsmanship among and between sportsmen and farmers, and other landowners throughout the district, to acquire real estate for the recreation, education and enjoyment of the members of the Club and their guests, as well as the youth of the community; to cooperate with the Pennsylvania Game and Fish Commission in the enforcement of laws, rules and regulations for the protection and development of wild life in Pennsylvania and for the improvement of hunting and fishing conditions generally."

The Butler City Hunting and Fishing Club claims exemption from taxation on its real estate holdings by virtue of The Fourth to Eighth Class County Assess-

ment Law of May 21, 1943, P. L. 571, 72 PS §5453.202 (a) (9). This act provides as follows:

"(a) The following property shall be exempt from all county, borough, town, township, road, poor, county institution district and school (except in cities) tax, to-wit:

"(9) All real property owned by one or more institutions of purely public charity, used and occupied partly by such owner or owners and partly by other institutions of purely public charity and necessary for the occupancy and enjoyment of said institutions so using it."

By statute this act must be strictly construed. The Statutory Construction Act of May 28, 1937, P. L. 1019, 46 PS §558, art. IV, sec. 58, provides:

"All provisions of a law of the classes hereafter enumerated shall be strictly construed:

". . . (5) Provisions exempting persons and property from taxation."

A claimant must bring himself clearly within the exemption statute and this has long been the law of Pennsylvania: Academy of Fine Arts v. Philadelphia County, 22 Pa. 496 (1853); West View Borough Municipal Authority Tax Case, 175 Pa. Superior Ct. 641 (1954).

The Constitution of Pennsylvania, art. IX, sec. 1, provides:

". . . the General Assembly may, by general laws, exempt from taxation public property used for public purposes, actual places of religious worship, places of burial not used or held for private or corporate profit, institutions of *purely* public charity, and real and personal property owned, occupied, and used by any branch, post, or camp of honorably discharged soldiers, sailors, and marines." (Italics supplied.)

It is under this constitutional provision that the Act of 1943, above quoted, was drawn and it is to be

observed that the act exempts all real property of institutions of *purely* public charity. It is here to be noted the significant use of the word "purely" in both the Constitution and the act of assembly. This word is defined on page 118 of Webster's New World Dictionary (College Edition) as: "in a pure manner; unmixed with anything else, merely . . . entirely."

The word "charity" is defined in Webster's New International Dictionary, Second Edition (in the institutional sense), as: "an organization or institution engaged in the free assistance of the poor, incapacitated, distressed, etc.": Young Men's Christian Association of Germantown v. Philadelphia, 323 Pa. 401, 413 (1936).

Justice Maxey in writing the opinion of the court in the Young Men's Christian Association of Germantown v. Philadelphia, supra, explained in very clear language the philosophy pointing the exemption law as follows:

"Taxes are not penalties but are contributions which all inhabitants are expected to make (and may be compelled to make) for the support of the manifold activities of government. Every inhabitant and every parcel of property receives governmental protection. Such protection costs money. When any inhabitant fails to contribute his share of the costs of this protection, some other inhabitant must contribute more than his fair share of that cost. There are substantial reasons why an institution wholly devoted to public charity should be exempt from taxation, since one of the duties of the government is to provide food and shelter for the poor. Any institution which by its charitable activities relieves the government of part of this burden is conferring a pecuniary benefit upon the body politic, and in receiving exemption from taxation it is merely being given a 'quid pro quo' for its services in providing something which otherwise the

government would have to provide. Just as the exemption of the property of a municipality is founded on the fact that the municipality is a governmental agency of the State, vested by the State with a part of its sovereignty, and employed in aiding the State in matters of government and the execution of its laws, so likewise the exemption from taxation of institutions of public charity is founded on the fact that such a charity is assuming a share of the public burden. The measure of an institution's gratuitous aid to those requiring it is the measure by which the government is relieved of its responsibilities. It is therefore just that an institution which assumes pro tanto the taxpayer's burden should be relieved of its own tax burden."

Under this definition the characteristics of an organized charity are: First, whatever it does for others is done free of charge, or at least, so nearly free of charge as to make the charges nominal or negligible; second, that those to whom it renders help or service are those who are unable to provide themselves with what the institution provides for them, that is, they are legitimate subjects of charity.

This court has examined carefully many reported cases involving exemptions for purely charitable purposes, but has found no Pennsylvania case which would serve as an authority for exempting the property involved in this controversy. Indeed, counsel for the Hunting and Fishing Club has cited no Pennsylvania case in his brief which would bolster or support his contention.

Indeed, our State cases on this subject are contrary to his view taken.

Now, it is here recognized and admitted that the Butler Hunting and Fishing Club is an organization of sportsmen which has a laudable and commendable purpose. It is especially congratulated by this court

interested in juveniles for its fine work with local youth and for its youth activities.

In Young Men's Christian Association of Germantown v. Philadelphia, supra, the court stated, page 411:

"A judicial desire to be liberal toward institutions which are doing praiseworthy public work has sometimes led the courts to invest the word 'charity,' as used in the above excerpt from the Constitution, with a meaning not warranted either lexicologically or by a consideration of the ideology of the constitutional provision invoked."

A case very similar to ours, Hawk Mountain Sanctuary Assn. v. Board of Assessment, reported in 49 Chrostwaite's Pennsylvania Municipal Law Reporter 123, was decided by Judge Hess, a learned Judge of Berks County, in favor of taxation and against exemption.* The court held the existence of a charitable use or trust is not in itself sufficient grounds for exemption. Nor is the fact that the purposes of the institution are generally laudable when they are not of universal acceptance and benefit to the public generally. The educational program carried on on the remainder of the property is sporadic and limited to a small part of the property.

A reading of the corporate purposes of the Butler City Hunting and Fishing Club shows clearly that the organization is not an institution of "purely public charity" and that while it was formed to "acquire real estate for the recreation, education, and enjoyment of the members of the club and their guests, *as well as* the youth of the community," it is strictly a private club not given or dedicated to the public as a public park or public recreation center. (Italics supplied.)

---

* Affirmed on appeal. See Hawk Mountain Sanctuary v. Berks County Board of Assessment, 188 Pa. Superior Ct. 54.

750

The commendable interest of the members of the club in youth of the community is an incidental part of the club program and is not the primary, basic or fundamental purpose for which the corporation was formed, nor for which the land and buildings were acquired and constructed. It follows therefore that we are compelled to conclude as matters of law:

(1) The Butler City Hunting and Fishing Club is not an institution of learning, benevolence or charity within the contemplation of the law relative to exemption of property from local real estate taxes.

(2) The Butler City Hunting and Fishing Club is not an institution of purely public charity.

(3) The Butler City Hunting and Fishing Club is not entitled to a decree of this court that its land and buildings are exempt from taxes.

Hence this order:

### Order

And now, April 22, 1959, the appeal of the Butler City Hunting and Fishing Club from the ruling of the Butler County Board of Revision of Taxes and Assessment is hereby dismissed.