## In re Women's Club of Harrisburg

*William J. Modden, Jr.,* for petitioners.

SOHN, J., December 12, 1960.—We have before us the petition of the Women's Club of Harrisburg for a decree of dissolution and for an order directing that its assets be distributed among those members who are entitled thereto.

The Women's Club of Harrisburg was incorporated by a decree of this court on April 28, 1920. On February 9, 1959, the club held a meeting, following due notice to all of its members, to act upon a resolution authorizing the dissolution and winding up of the affairs of the club. Such action was deemed necessary due to the fact that the membership had dwindled to only five persons and there seemed to be no other persons interested in joining the club. The members felt that under these circumstances, further continuance was useless.

The assets of the club consist of a mortgage of approximately $6,000 and about $110 in cash. These assets arose mainly from dues and the rental of rooms in a property once owned by the club.

The five remaining members of the club cast a unanimous vote in favor of its dissolution and have requested of us that the assets, in excess of the debts and obligations of the club, be divided equally among them.

The Commonwealth has intervened in this action contending that, since the purpose of the club is "to promote good fellowship among the women of Harrisburg and to develop their social, educational and recreational opportunities," the club is a charity, and that its assets should go to some similar organization under the cy pres doctrine, which allows a court of equity to

substitute another charitable organization when the first becomes impracticable or impossible of fulfillment.

On June 22, 1959, a hearing was held in this court with both petitioners and the Commonwealth represented by counsel. Testimony concerning the fulfillment of the requirements of dissolution was taken and leave was granted to each party to introduce evidence in support of its contention. Briefs were subsequently filed on behalf of petitioners as well as on behalf of the Commonwealth. The principal question for us to determine is whether, under all the circumstances, this club is a charity and whether or not its assets should be disposed of according to the cy pres doctrine.

In Lawson's Estate, 264 Pa. 77, 82 (1919), the Supreme Court defined a charity as "a gift to be applied . . . for the benefit of an indefinite number of persons, . . ." This definition certainly does not apply to the club here in question. Its history has shown no effort to effect a benefit to anyone except its own members. The record contains no evidence of the club devoting any of its effort for an outside purpose of any type. Nor did it receive any donations from any charitable source. In Lawson's Estate, supra, at page 83, it was held:

"When the bequest is to an association whose benevolence is restricted to its members only, it is not a public charity."

In Words and Phrases, vol. 6, 645, as well as in the case of Babb v. Reed, 5 Rawle 151, 158 (1835), a charity is defined as follows:

"Charitable use is one of a public nature, tending to the benefit or relief . . . of the community at large, not restricted to the mutual aid of a few."

We must point out further that the purpose stated in the corporate charter is "To promote good fellowship

among the women of Harrisburg" and then continues "and to develop their social, educational and recreational opportunities."

This is the language to be found in practically any purely social club organized under the Nonprofit Corporation Law. Moreover the constitution and bylaws exhibited to the Commonwealth states as to membership the following: "Membership must be endorsed by two of community in good standing." Article VI provides for payment of dues in amounts of $3 a year, and further provides that upon failure to pay dues within three months the member is dropped from the club roll. These provisions are indicative that the club is purely a social organization. Nothing in the history of the club or in the conduct of its activities bear the earmarks of a charity. Certainly if this corporation had asked this court for exemption from taxation on its property as a charity, that request would have been summarily denied: Hawk Mountain Sanctuary Association v. Berks County Board, 188 Pa. Superior Ct. 54 (1958); Pennsylvania Bar Asso. Endowment v. Robins, 68 Dauph. 338 (1955).

In West Indies Mission Appeal, 387 Pa. 534 (1957), the Supreme Court of Pennsylvania, after reviewing the development of the theory of charitable corporations, said, page 540:

". . . In view of these cases it may be safely said that whatever is gratuitously done or given in relief of the public burdens or for the advancement of the public good is a public charity. In every such case as the public is the beneficiary, the charity is a public charity."

Assuredly the Women's Club of Harrisburg does not meet this definition. This was an organization for the meeting together of women for such activities as suited their particular tastes and manner of life. It

has no religious affiliation or objectives; it was not intended as a literary or educational society. The primary function and activity of the organization was to have meetings and dinners for the members, to have picnics and parties for the members, and to engage in all the other normal social activities of average women's organizations.

In Stephen's Estate, 129 Pa. Superior Ct. 396 (1937), the court said, page 406:

". . . But cy pres is applicable, if at all, only after it has been determined that the gift was made for a charitable or religious purpose. It cannot be invoked to transform a non-charitable into a charitable trust, nor to take the trust out of the operation of the rule against perpetuities. . . ."

In the case of Commonwealth ex rel. v. Seventh Day Baptists, 58 Dauph. 365, 372 (1947), we have a very scholarly opinion by our own former President Judge Hargest which is we think determinative of the issues raised here. Judge Hargest said, inter alia,

"The Restatement of the Law of Trusts, sec. 375, page 1161, says: 'A trust is not a charitable trust if the persons who are to benefit are not of a sufficiently large or indefinite class so that the community is interested in the enforcement of the trust.'

"And the Comment (f), on this Section, page 1165, is: 'Where a trust is created for the benefit of the members of a class, the mere fact that the trust is to be of perpetual duration, and that the membership in the class is therefore unlimited in extent does not make the trust charitable, if the class is so narrow, and the purposes of the trust are such, that the enforcement of the trust is not beneficial to the community.' "

Judge Hargest further said in this opinion (page 373):

"In considering this question we must also bear in mind that there is no evidence that this corporation was the beneficiary of any gifts or donations whatever. All the property was realized either as the result of the work of the members or from the sale of assets. . . ."

Again he said, at page 375:

" 'Such charity as was practiced by this organization was on a very small scale, and the class to be benefited was not sufficiently large or *indefinite* as to benefit the community as a whole. The beneficiaries being only the members of the Seventh Day Baptists, they cannot constitute the *indefinite public*. The class being a definite group, but the beneficiaries small in number, the community has no interest.' "

Having now determined that this club is not a charitable one, the next question is to whom shall its assets be distributed. We believe that they must be distributed to and among the five remaining members of the club. In the case of Re Dissolution of Fraternal Order of Firemen, 50 Lanc. 487 (1948), the court held specifically that former members of the nonprofit corporation not in good standing at the time of dissolution have no interest in the corporate assets and are not entitled to any part thereof. Moreover, we note that section 1001 of the Nonprofit Corporation Law of 1933, P. L. 289, 15 PS §2851-1001, states:

". . . In entering the final decree, the court shall order the distribution of the property and assets of the corporation among the members entitled thereto, . . ."

We now, December 12, 1960, enter the following

### Decree

It appearing that the Women's Club of Harrisburg has no debts of any kind, and the court being

satisfied that the prayer of the petition may be granted without prejudice to the public welfare and the interests of the members of the corporation, said petition for dissolution is hereby approved, the court directing that all of the assets of the Women's Club of Harrisburg are distributable in equal shares to the following:

Anna A. Chronister, 1338 State Street, Harrisburg, Pa.; Muriel M. Cain, 1642 Market Street, Harrisburg, Pa.; Lidie C. Hamel, 2039 Whitehall Street, Harrisburg, Pa.; Flora Shade, 25 South Eighth Street, Lemoyne, Pa., and Mary C. Rhein, 919 North Seventeenth Street, Harrisburg, Pa., they being the only surviving members of the club now in good standing.

Upon the recording of the said petition and this decree, the said corporation shall be hereby dissolved and the directors of the corporation shall wind up its affairs in accordance with this decree.